CHARLES H. BARTLETT & others *vs.* GEORGE J. RAYMOND.

Suffolk.   Nov. 17, 1884. — May 8, 1885.   FIELD & COLBURN, JJ., absent.

In an action against R., for goods sold and delivered, it appeared that R. was a
clerk in a shop, the business of which was carried on by another person in the
name of R. and Company, which name appeared on the sign over the shop
door; that the seller made the bargain for the sale of the goods with R., sup-
posing him to be the principal; and that R. did not disclose the fact that he
was only an agent. *Held,* that these facts would warrant a finding for the
plaintiff.

CONTRACT, on an account annexed, for goods sold and
delivered on November 18, and December 4, 1882.   Answer:
1. A general denial.   2. That, if the goods were sold at all,
they were sold to the firm of George J. Raymond and Company,
in which firm the defendant was not a partner, and had no in-
terest.   Trial in the Superior Court, before *Brigham,* C. J., who
allowed a bill of exceptions, in substance as follows:

The following appeared in evidence, and was uncontradicted:
From 1877, to July 24, 1882, the defendant had done business
at several places in Boston, and in 1879, and from that time
until his insolvency, at a shop on Tremont Row, in Boston, un-
der the firm name and style of George J. Raymond and Com-
pany.   On July 24, 1882, he was adjudged insolvent under the
insolvent laws of Massachusetts, in involuntary proceedings upon
a creditor's petition, and a warrant was issued, and the messen-
ger took possession of the store and goods, and excluded the
defendant and retained possession until they went into the hands
of the assignees.   Afterwards, one John G. Stewart, Jr. put a
stock of goods into the same shop, and carried on business under
the same firm name and style, of George J. Raymond and Com-
pany.   He put up a new sign, but it bore the same firm name.
He hired the defendant, George J. Raymond, as a clerk, at a
salary of $3000 a year, and the defendant had no further in-
terest in the business.   The plaintiffs had never dealt with the
firm of George J. Raymond and Company before the insolvency
of Raymond, nor until after Stewart had commenced to do
business under that firm name at that shop, and there was no
evidence that they had any actual knowledge or notice of the

defendant or his business history, or of Stewart or the defendant's relations to him, before the transactions out of which this alleged cause of action arose. One of the plaintiffs went into this shop to sell goods; he found the defendant there, and had all his talk with him, and sold the bill of goods, charging them to George J. Raymond and Company. He did not make any inquiries as to who constituted the firm of George J. Raymond and Company, and nothing was said about it. The bills were sent in charged to George J. Raymond and Company, and the goods were sold in the shop owned and so run by Stewart, and were such goods as were usually sold in that shop, and were sold by the plaintiffs for the purpose and with the expectation that they were to go into the stock of said shop for sale there. No question was made as to the responsibility of John G. Stewart, Jr.

The defendant contended that the plaintiffs were affected with notice, by the public proceedings, of his insolvency, notwithstanding they had no actual knowledge of the same, as bearing upon the question whether they had any knowledge or cause of belief that the defendant was not dealing with them in his own business, and asked that the jury be so instructed. The judge refused to give such instruction.

The defendant also contended that, on the above evidence, he was not liable in this action, but the judge declined so to rule, and instructed the jury that, "if George J. Raymond, at a shop bearing upon it the sign George J. Raymond and Company, purchased of the plaintiffs the goods described, notwithstanding it was a fact that, at that time and during all the time of the delivery of said goods, all the business of that shop was owned and conducted by John G. Stewart, but under the name of George J. Raymond and Company, and George J. Raymond was a clerk only of said Stewart, and so acted in the purchase of said goods, George J. Raymond would be liable in this action for the price of said goods, although the same may have been charged in the plaintiffs' books, and delivered, to George J. Raymond and Company, unless he disclosed to the plaintiffs, or they had otherwise notice or knowledge, that he was a clerk only in said shop, and that said Stewart was the exclusive owner and conductor of the business there."

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*R. I. Burbank & R. Lund*, for the defendant.

*W. F. Kimball*, for the plaintiffs.

HOLMES, J. The defendant not only suffered his name to be used as part of the firm name, but made the bargain for the goods in person, and in the shop bearing the firm name upon its sign. The plaintiffs had no notice that he was not interested in the business. They seem to have known the firm name, and, under the instruction excepted to, we think the jury must have found that they also knew the name of Raymond, with whom they dealt. Certainly it does not appear from the bill of exceptions that they did not know his name. Without inquiring whether all these circumstances are necessary to the defendant's liability, we are of opinion that he is liable upon the facts stated. *Young* v. *Axtell*, cited 2 H. Bl. 242. *Guidon* v. *Robson*, 2 Camp. 302. *Poillon* v. *Secor*, 61 N. Y. 456. The question is not whether another defendant should have been joined, but whether the defendant was bound by the contract.

We understand the defendant to abandon the suggestion that the plaintiffs were affected with constructive notice of the proceedings against him in insolvency, and that this must be taken into account in determining whether they knew that he was not dealing with them in his own business. There was no evidence that they had actual knowledge.

*Exceptions overruled.*