BENJAMIN KIMBALL *vs.* JAMES W. LONGSTREET & another.

Suffolk.   November 15, 1899. — November 17, 1899.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Evidence — Immateriality — Res inter alios — Amendment of Pleadings — Motion to discharge Bill of Exceptions — Questions not open in Full Court.*

An agreement in writing between A. and B. showing their business relations in a certain transaction is incompetent to contradict testimony tending to show an admission by A. that he and B. were partners in a different transaction upon which an action has been brought against them.

If a writ names A. and B. as defendants, and the declaration is against " the defendants," in the plural, an amendment of the account annexed, which is against " A. & Co.," substituting " B." for " & Co.," although superfluous, may properly be allowed.

This court will not entertain an exception to the allowance of an amendment of pleadings on the ground that the motion to amend was not made in writing, and that there was no tender of costs, if those facts do not appear in the bill of exceptions.

This court will not grant a motion to discharge a bill of exceptions for amendment so as to raise an objection, not taken at the trial, that a motion of the prevailing

party in the court below for an amendment of the pleadings was not in writing, and that there was no tender of costs.

At the trial of an action to recover for professional services, brought against A. and B., in which they are declared against as the "defendants," and in which there is evidence of an admission by A. that he and B. were partners, and that A. had employed the plaintiff, a request by A. for a ruling that upon the pleadings and the evidence the plaintiff was not entitled to recover was properly refused.

CONTRACT, against James W. Longstreet and George Cutler, to recover for professional services as an attorney at law. Answer of the defendant Cutler: 1, a general denial; 2, a denial of partnership with the defendant Longstreet. The defendant Longstreet was defaulted.

Trial against the defendant Cutler, in the Superior Court, before *Dewey*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiff testified that in January, 1896, Cutler consulted him with reference to the formation and organization of a new corporation; that later Longstreet came to the plaintiff's office with Cutler, and stated in Cutler's presence that they were partners, and as such were carrying through the formation of the corporation; that in February, 1896, he, by the direction of the defendants, went to New Jersey, and organized a corporation for them; that Longstreet told him to send the bill for his services to J. W. Longstreet and Company, and that he had done so.

The defendant Cutler testified that he had never been a partner of Longstreet, had never told any one that they were partners, and had not heard Longstreet tell the plaintiff that they were partners; that he had never employed the plaintiff or agreed to pay him anything; and that at the time in question his only business relations with Longstreet were such as were set forth in a certain agreement in writing between them. By the terms of this agreement the time was extended for which, by a previous written agreement, Cutler agreed to loan certain municipal bonds to Longstreet for the purpose of assisting him to enlarge his business as a broker of municipal bonds. The agreement was offered in evidence by Cutler and was excluded.

At the conclusion of the evidence the defendant requested the judge to instruct the jury that upon the pleadings and the evidence the plaintiff was not entitled to recover. The judge

declined so to rule, and permitted the plaintiff to amend his declaration, which was in four counts, against the " defendants," in the plural, by erasing from the account thereto annexed the words " & Co." after the words " James W. Longstreet " and substituting therefor the words " and George Cutler."

The jury returned a verdict for the plaintiff; and the de-. fendant Cutler alleged exceptions.

*C. W. Rowley,* for Cutler.

*C. H. Stebbins,* for the plaintiff, was not called upon.

BY THE COURT. 1. The first exception is to the exclusion of an agreement between Cutler and Longstreet which, Cutler testified, showed the only relations between them, and which was offered to contradict testimony tending to show an admission by Cutler that they were partners in the transaction for which they were sued. But the fact that they had relations in another matter did not tend to show that they had not the relations alleged in this one, apart from the objection that the agreement was *res inter alios.*

2. The writ named Longstreet and Cutler as defendants. The declaration was against the " defendants " in the plural. The account annexed was against " James W. Longstreet & Co." The amendment, by substituting the name of Cutler for " & Co.," seems to have been superfluous. It is objected that the motion to amend was not made in writing and that there was no tender of costs. These facts do not appear. A motion is made to discharge the exceptions for amendment, but it is not suggested that these objections were made at the trial, and, in any event, in such a case we should not grant the motion. If it is thought worth while to be so very nice upon a purely technical matter, the party seeking to get the advantage must set the example of care.

3. There was evidence that Cutler had employed the plaintiff, and therefore the case could not be taken from the jury.

*Exceptions overruled.*