JOSEPH B. PHIPPS *vs.* HENRY C. LITTLE & another.

Suffolk.    November 12, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Partnership.    Name.    Evidence.    Estoppel.*

Where two persons were engaged in the manufacture of an article of merchandise and shared the profits of the business, they can be found to have been members of a trading partnership, although one of them furnished all the capital.

A member of a trading partnership has implied authority to borrow money for partnership purposes and to make and deliver a promissory note therefor in the firm name.

In an action against the members of a partnership on a promissory note, if the note sued upon bears a signature which is not strictly accurate as the firm name but which has been used by the defendants in the partnership business and by which the partnership is known commercially as well as by its true name, the difference between the correct name of the firm and the signature on the note is immaterial.

In an action of contract against two defendants as copartners, where one defendant is defaulted and the trial proceeds against the other, who contends that the defaulted defendant was not his partner but was employed by him under a contract by which the defaulted defendant was to receive a percentage of the profits of the business as compensation for his services, evidence offered by the defendant against whom the case is being tried, to show that he made a contract with another person by which such other person was to receive

a percentage of profits in addition to his weekly compensation, properly is excluded as immaterial, it having no tendency to show that the contract between the two defendants was not one of partnership.

In an action on a promissory note against two defendants as copartners, where one of the defendants, who signed the note in the partnership name, is defaulted, and the other defendant contends that the defaulted defendant when he signed the note was not his partner, and where there is evidence that the two defendants were members of a trading partnership, it is right for the judge to exclude evidence offered by the defendant against whom the case is being tried to show, that before the note sued upon was negotiated he directed the defaulted defendant to borrow no more money from the plaintiff, unless he also offers to show that the plaintiff had notice of such limitation of authority or from the circumstances ought to have known of it.

One who knowingly allows himself to be held out as a member of a trading partnership is liable for an indebtedness of the apparent partnership to one who honestly has been misled by such holding out into giving credit to such apparent partnership.

CONTRACT, upon eight promissory notes, each declared upon in a separate count, all signed "Little Eastman Co.," which was alleged to be the firm name in which the defendant Little and the defendant Eastman did business as copartners. Writ dated July 2, 1909.

In the Superior Court the case was tried before *Dana*, J. The defendant Eastman was defaulted, and the trial proceeded against the defendant Little. The evidence is described sufficiently in the opinion. At the close of the evidence, the defendant Little asked the judge to make twenty-three rulings, of which the first two were as follows:

"1. On all the evidence the plaintiff cannot recover.

"2. On all the evidence the defendant Little never held out the defendant Eastman to the plaintiff as a partner."

The judge refused to make these rulings and also refused to make the other rulings requested by the defendant except so far as they were embodied in his charge. The jury returned a verdict for the plaintiff against the defendant Little on each of the eight counts; and the defendant Little alleged exceptions, raising the questions which are stated in the opinion.

*S. R. Wrightington,* for the defendant Little.

*U. D. Garfield,* for the plaintiff.

BRALEY, J. If the relation between the defendants was that the defendant Eastman, who was defaulted at the trial, should receive a percentage of the profits as compensation for his services, then,

as the judge told the jury, he was an employee of the defendant Little, and not a partner. The evidence, however, was plenary that under the name of Little and Eastman Company the defendants engaged in the manufacture of banjo clocks, and, although Little furnished the capital, the profits were to be divided between them in certain proportions. The jury, if convinced that this was the understanding and agreement, were warranted in finding a trading partnership. *McMurtrie* v. *Guiler,* 183 Mass. 451, 453. *Esterbrook* v. *Woods,* 192 Mass. 499, 502. And Eastman as a member had implied authority to borrow money in the name of the firm, and to make and deliver the promissory notes in suit, if the proceeds were needed for partnership purposes. But he would have no right, as the jury were fully instructed, to borrow for his personal use on the firm's credit, and, if the money was lent with knowledge of his purpose, the plaintiff could not recover. *Feigenspan* v. *McDonnell,* 201 Mass. 341, 346.

Nor is the technical variance between the name of the firm and the signature on the notes of "Little Eastman Co." material. The notes eight in number given on different dates bore the same signature, in which name the testimony showed the firm's business had been carried on and checks for merchandise sold were made payable. It is a question of identity where a trade name which differs from the actual name either of a person, firm or corporation is used in business, and the jury from these transactions properly could find that the partnership was known commercially as well by one name as the other. *Young* v. *Jewell,* 201 Mass. 385, 386, and cases cited. *William Gilligan Co.* v. *Casey,* 205 Mass. 26, 31. R. L. c. 73, § 35. *Tilford* v. *Ramsey,* 37 Mo. 563, 567. *Williamson* v. *Johnson,* 1 B. & C. 146. *Norton* v. *Seymour,* 3 C. B. 792. *Stephens* v. *Reynolds,* 5 H. & N. 513, 517.

The evidence offered by the defendant Little of the contract made by him with one Menns, by which Menns was to receive a percentage of profits in addition to his weekly compensation, was rightly excluded. It had no tendency to disprove the contract of partnership between the defendants. *Kimball* v. *Longstreet,* 174 Mass. 487.

The ruling excluding the further offer to show, that the defendant Little directed Eastman before the notes in question were negotiated not to borrow more money from the plaintiff was

right.  If he wished to protect himself from liability in the future the defendant should have given notice to the plaintiff of his dissent, but, having remained silent, the plaintiff's title has not been impeached.  *Boardman* v. *Gore*, 15 Mass. 330.  *Smith* v. *Collins*, 115 Mass. 388.  *Stimson* v. *Whitney*, 130 Mass. 591, 594, 595.  *Feigenspan* v. *McDonnell*, 201 Mass. 341.  The defendant, however, had the benefit of instructions that the jury must consider the questions whether on all the evidence the authority of Eastman to borrow had been restricted and whether the plaintiff knew or from the circumstances ought to have known of the restriction.

But, even if the jury accepted the defendant's theory that as between themselves Eastman was merely an employee, there was evidence from which they could find, as the judge correctly said, that the defendant had permitted himself to be held out as a partner.  The principle of estoppel is applicable.  By the defendant's direction the name of "Little & Eastman Co." had been placed on the front door of the company's manufactory, and printed on the stationery used in the business, and the plaintiff testified that upon the defendant's invitation he visited the manufactory and saw signs displayed with the firm name.  It does not appear, that the defendant ever directed the discontinuance of the signs or the use of his name as a part of the style of the firm in the transaction of business, or informed the plaintiff that he was not a partner.  The defendant having knowingly permitted himself to be held out as a member of the firm, the plaintiff, if honestly misled by the representations into giving credit to the apparent partnership, can hold him responsible for the indebtedness as if he had been a partner in fact.  *Fitch* v. *Harrington*, 13 Gray, 468.  *Pratt* v. *Langdon*, 12 Allen, 544; *S. C.* 97 Mass. 97.  *Getchell* v. *Foster*, 106 Mass. 42, 47.  *Rice* v. *Barrett*, 116 Mass. 312.  *Locke* v. *Lewis*, 124 Mass. 1, 18.  *Thompson* v. *First National Bank of Toledo*, 111 U. S. 529.  It was for the jury to pass upon all of these disputed questions of evidence, and the defendant's first and second requests could not have been given, while the remaining requests in so far as they were appropriate are embodied in the charge, which was full and accurate.

*Exceptions overruled.*