## W. H. PATTON & SON *v.* GRIFFIN.

[80 South. 525, Division B.]

1. PARTNERSHIP. *Contract in individual name. Burden of proof.*

The fact that persons are partners in one place or in one line of business does not tend to prove them partners elsewhere, or in a distinct trade or venture.

2. SAME.

The fact that a partnership existed between parties at one place does not conclusively establish a partnership between them at a different place and where the partnership is denied under oath in a suit upon contract signed by only one party in his individual name, the burden of proof is on the plaitiff, to establish the partnership at the place where the contract was made.

APPEAL from the circuit court of Jones county.
HON. PAUL B. JOHNSON, Judge.

On suggestion of error for former opinion, see 80 So. 288.

The facts are fully stated in the opinion of the court.

*G. S. Street,* for appellant.

*W. J. Pack,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

W. H. Patton & Son filed suit against J. C. Griffin, on the theory that J. C. Griffin and one Wood were partners, on an account made by Wood with Patton & Son at Shubuta, Miss., for materials furnished Wood in laying concrete sidewalks in the town of Shubuta, Miss. Griffin filed an affidavit denying the partnership and also denying liability for the account. It appears that Wood made a contract in his individual name with the town of Shubuta to lay sidewalks, and that Griffin signed his contract bond with the town as surety The warrants for the work were issued to Wood individually and collected by him. The account with Patton & Son made by Wood was charged on the books of Patton & Son to Wood individually. Thereafter Wood went into bankruptcy, and Patton & Son sued the appellee.

The plaintiff introduced articles of partnership which are in the following words:

"Articles of partnership between W. A. Wood and J. C. Griffin of the city of Laurel, Jones county, Mississippi; made and entered into this the 5th day of February, 1915.

"First. The style of the copartnership shall be Wood & Griffin and it shall continue so long as both parties are satisfied, or in case of the death of either party their said partnership is at an end.

"Second. The business of said partnership is to engage in the building of sidewalks, gutters, curbs and other such work, and it is agreed that all profits which may accrue to said partnership shall be divided, and all losses happening to the said firm, and all expenses of the business shall be borne by said partnership, and the profits shall be equally divided.

"Third. That each of said partners shall contribute equally a sufficient amount necessary to carry on said business, and a settlement shall be had when either

party desires; and the firm dissolved at the desire of either party.

"Fourth. The partnership name shall be used only in respect of the business and affairs of the firm.

"Signed in duplicate this the 5th day of Feb., 1915. W. O. Wood. J. C. Griffin.

"Witnesses: C. R. Gavin. Grover E. Garner."

Griffin testified that the partnership agreement was understood and agreed to exist only in Laurel, Miss., and he introduced the attorney who drew the contract, who testified over objection that it was the understanding between Wood and Griffin that the partnership was to exist only at Laurel, Miss. It is insisted by the appellant that this testimony of Griffin as to the understanding of the contract is inadmissible in evidence and that the terms of the contract make Griffin liable regardless of the place where the contract was made and performed. It will be noted that the contract between Patton and Wood was made by Wood individually and was not made in the partnership name, and that Griffin's testimony, which was accepted by the jury, shows he received none of the proceeds of the contract.

The suit was founded upon the theory that the materials furnished Wood were furnished for a partnership and that the partnership was liable regardless of what transpired between Wood and Patton. If the contract had been made in the firm name, or if Griffin had received, or was entitled to receive, a portion of the proceeds from the contract, the contention of the appellant might be sustained; but, while he made an individual contract with Wood, he is now relying upon a contract with the partnership of which he contends Wood was a member with authority to make. It is not contended that he was misled or contracted with reference to the partnership at all. They must recover, if at all, upon the theory that partnership existed at Shubuta at the time the material was furnished and that the material went into the partnership business.

The contract between Wood and Griffin recites that the parties are of Laurel, Jones county, Miss., and the fourth paragraph provides that only partnership business shall be made in the partnership name. "The fact that persons are partners in one place or in one line of business does not tend to prove them partners elsewhere, or in a distinct trade or venture. 30 Cyc. 406, citing *Kimball* v. *Longstreet,* 174 Mass. 487, 55 N. E. 177; *Schollenberger* v. *Seldonridge,* 49 Pa. 83."

A partnership in this case appears, not only from the evidence, but from the contract of the parties to have existed at Laurel, Miss. It does not conclusively establish a partnership at a different place, and it devolved upon the plaintiff upon the denial of the partnership under oath to prove partnership at Shubuta, which is located in a different county and different part of the state.

It further appears from plaintiff's evidence that the contract with appellant was made in the name of Wood, and it has been held that, where a note is given in the name of one person, it devolves on the party alleging that the giver was a partner to prove the partnership; that the presumption is that the note was an individual undertaking and not a partnership undertaking *prima facie.* 20 R. C. L. 803; *Mackling* v. *Crutcher,* 6 Bush. (Ky.) 401, 99 Am. Dec. 680; *Williams* v. *Robbins,* 16 Gray (Mass.) 77, 77 Am. Dec. 396, Ann. Cas. 1912A, 618, note.

We think the plaintiff has failed to prove partnership existing at Shubuta.

The suggestion of error is overruled.

*Overruled*