### STANDARD OIL COMPANY OF NEW YORK *vs.* THOMAS HENDERSON.

Bristol.   November 7, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Partnership,* What constitutes.   *Estoppel.*

At the hearing by a judge of a district court of an action of contract against a father named H upon an "equipment loan agreement" for the installation of a tank, pump and accessories for a gasoline station, it appeared that the defendant's son had signed the agreement "H & Son" and had used the equipment to carry on the gasoline station.   The father and son were not partners and there was no direct evidence that the defendant had knowledge or notice that he was held out as a partner in the business of his son.   There was evidence that the father walked past the gasoline station almost every day, saw the name "H & Son" on a window, and knew that the business was conducted under that name; that he made no inquiries as to whether any credit was being extended by the plaintiff or any other person or concern relying on the fact that his name was used in connection with the business, and that he did not tell any one that he was not connected with the business or ask his son to remove his name.   The judge found for the defendant. *Held,* that

(1) It was proper for the judge to refuse to rule that, if the place of business was conducted under the name "H & Son" with the defendant's knowledge, the defendant would be liable;

(2) It was proper to refuse to rule that, if the plaintiff was honestly misled by the fact that the name of the defendant was used as owner of the business and gave credit to the apparent partnership, the defendant would be liable for the indebtedness as if he had been a partner in fact;

(3) It was proper for the judge to refuse to rule that the plaintiff and his agents "were justified to interpret the appearance of the defendants'

place of business as being owned and conducted by the defendants as copartners";

(4) The judge properly ruled that the plaintiff "could not recover on the ground that the defendant . . . is liable as a partner for estoppel unless he proves by a fair preponderance of the evidence" that the defendant held himself out as a partner, that such holding out was by the defendant or his authority, that the plaintiff had knowledge of such holding out, and that the plaintiff acted on the strength of such holding out to his prejudice.

CONTRACT upon a contract in writing described in the opinion. Writ in the Third District Court of Bristol dated April 20, 1926.

The plaintiff's first, third and fourth requests were as follows:

"1. If the place of business to which the plaintiff sold and delivered its gasoline and oil was conducted under the name of Thomas Henderson & Son with the knowledge of the defendant Thomas Henderson, Sr., he would be liable to the plaintiff."

"3. If the plaintiff was honestly misled by the fact that the name of the defendant Thomas Henderson, Sr., was used as owner of the business and gave credit to the apparent partnership the defendant would be liable for the indebtedness as if he had been a partner in fact.

"4. The plaintiff and its agents were justified to interpret the appearance of the defendants' place of business as being owned and conducted by the defendants as copartners."

Findings and rulings by the trial judge are stated in the opinion. He found for the defendant and reported the action to the Appellate Division for the Southeastern District. The report was ordered dismissed. The plaintiff appealed.

*H. A. Lider,* for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

PIERCE, J. This case is before this court on the appeal of the plaintiff from an order "Report Dismissed" of the Appellate Division for the Southeastern District. The report of the special justice of the Third District Court of Bristol to the Appellate Division "contains all the evidence material to the questions reported," which are: should the

special justice have ruled, and should he have refused to rule, as requested by the plaintiff?

The pertinent facts disclosed in the report in substance are as follows: About November 13, 1924, one Thomas Henderson, Jr., opened a gasoline station at 660 Brock Avenue, New Bedford, and put on the window of the station the words "Henderson & Son." This "was the only name which appeared on the premises." On November 13, 1924, the plaintiff and Thomas Henderson, Jr., executed an "equipment loan agreement" for the installation of a tank, pump and accessories for the gasoline station. The agreement recites that it is made between the Standard Oil Company of New York and "Henderson & Son of 688 Brock Avenue, New Bedford"; and it was signed "Standard Oil Company of New York. By J. E. Winter. Henderson & Son by Thomas Henderson, Jr." The business was conducted by Thomas Henderson, Jr., the son of the defendant. The defendant was a loom fixer employed in one of the local mills. His wife and daughter conducted a grocery store within a short distance of the gasoline station. Thomas Henderson, Jr., at the time the action was commenced and at the time of the trial was in the State of California.

On the evidence the trial judge found that the plaintiff sold and delivered the items referred to in the plaintiff's declaration; that they were charged to Henderson & Son; that the delivery slips were signed by Thomas Henderson, Jr. "The plaintiff's evidence did not show that the defendant was a partner in fact." For the purposes of this case we assume the defendant was not a partner of Thomas Henderson, Jr. The record contains no direct evidence that the defendant had knowledge or notice that he was held out as a partner in the business of his son, and no circumstantial evidence to warrant a finding of such knowledge and notice, other than can logically be deduced from the evidence that he "walked past the gasoline station almost every day; . . . [that] he saw the name 'Henderson & Son'" on a window of the premises, and knew that the business was conducted under that name; that he made no inquiries as to whether any credit was being extended by the plaintiff or

any other person or concern relying on the fact that his name was used in connection with the business, and he did not tell any one that he was not connected with the business or ask his son to remove his name. The trial judge specifically found "that . . . [the defendant] was not asked by the plaintiff concerning his responsibility." He stated that he was "unable to find . . . that the defendant ever visited the place of business of the plaintiff." Other than is above stated there is no evidence reported to warrant an inference that the defendant consented to the use of the sign "Henderson & Son" on the window of the station, and there is no affirmative evidence reported that the plaintiff gave credit to "Henderson & Son" on the faith that Thomas Henderson, Sr., the defendant, was a partner in the business carried on by the son under the sign name "Henderson & Son."

St. 1922, c. 486, § 16 (1) provides that "When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made." On the evidence the issues which were presented at the trial were (1) As matter of fact did the defendant consent to his being held out as a partner in a public manner? *Phipps* v. *Little*, 213 Mass. 414, 416. *Thompson* v. *First National Bank of Toledo*, 111 U. S. 529. *Morgan* v. *Farrel*, 58 Conn. 413; and (2) Did the plaintiff give credit to the apparent partnership on the faith that there was a partnership and that the defendant was a member of it? *Fitch* v. *Harrington*, 13 Gray, 468. *Phipps* v. *Little, supra. Thompson* v. *First National Bank of Toledo, supra,* and cases there considered. *Orofino Rochdale Co.* v. *Fred A. Shore Lumber Co.* 43 Idaho,

425. The statutory rule is an expression of the common law as recognized in this Commonwealth. *Phipps* v. *Little, supra.*

The first request of the plaintiff was denied rightly. The evidence presented an issue of fact, and did not warrant the requested ruling of law that the defendant was a partner by estoppel in the business carried on under the style of "Henderson & Son." *Bartlett* v. *Raymond*, 139 Mass. 275, relied on by the plaintiff, decided merely that the evidence in that case warranted a finding for the plaintiffs. The third request was also denied rightly. There is no evidence reported to warrant a finding that the plaintiff gave credit to the apparent partnership on the faith that the defendant was a partner in the partnership. The evidence does not bring the case within *Phipps* v. *Little, supra.* The fourth request was properly denied. The second request, which was given, reads: "If the defendant permitted himself to be held out as a partner in the gasoline and oil business conducted at 660 Brock Avenue, New Bedford, he is liable to the plaintiff as a partner whether actually a partner or not. *Rice* v. *Barrett*, 116 Mass. 312." This request did not require that the judge should have entered judgment for the plaintiff; there remained open the issue whether the defendant consented to the holding out and whether the plaintiff gave the credit on the faith of the membership of the defendant.

The fifth request of the defendant, "The plaintiff cannot recover on the ground that the defendant Thomas Henderson, Sr. is liable as a partner for estoppel unless he proves by a fair preponderance of the evidence: (a) That Thomas Henderson, Sr. held himself out as a partner; (b) That such holding out was by Thomas Henderson, Sr. or his authority; (c) That the plaintiff had knowledge of such holding out; (d) That the plaintiff acted on the strength of such holding out to his prejudice," correctly stated the law applicable to the evidence before the court. We find no error. The entry must be order of Appellate Division dismissing report affirmed.

*So ordered.*