*Municipal Court of the*
*City of Boston*

No. T-21622

**EARLE R. LANE, ET AL**

v.

**W. W. GRAINGER, INC., ET AL**

Argued: Feb. 19, 1971 - Decided: May 14, 1971

*Present:* Adlow, C.J., Canavan, J., Gorrasi, Spec. J.

Case tried to *Lewiton, J.*

**Gorrasi, Spec. J.** This is an action for tort and/or contract, in which the plaintiffs seek to recover for damage to their real and personal property when a pump, which was part of a newly-installed central air-conditioning unit, caught fire causing smoke and soot damage.

The plaintiffs waived Counts 1 and 3 against defendant W. W. Grainger, Inc.

The plaintiffs' amended declaration against defendant Atlantic Heating and Air-Conditioning Co., Inc. contains Count 2 for negligence and Count 4 for breach of implied warranty.

The answer of defendant Atlantic Heating and Air-Conditioninig Co., Inc., pleaded a general denial, contributory negligence, assumption of the risk and that the damage was not caused by any person, corporation, or entity for whose conduct the defendant was legally responsible.

There was evidence tending to show the defendant, acting through its president and general manager, went to the home of the plaintiffs to inspect the home and the heating system, and to make a proposal to them for the installation of an air-conditioning system. He looked over the home and its heating system and ducts and then submitted a proposal to the plaintiffs. Under this proposal the defendant was to supply the necessary labor, equipment and materials and the air-conditioning unit was to be tied to the heating system in the house.

The plaintiff relied on the defendant to exercise its skill or judgment to select a suitable air-conditioning unit.

The installation of the entire air-conditioning unit was completed on July 5, 1965. Among the equipment installed was a Teel-pump, so-called, which was a self-contained unit. It sat in a pan which. was screwed onto the furnace in the house. A plastic tube was attached to the pan to carry the water from the pan to a nearby sink. The pump was enclosed in plastic and was operated electrically. An electric cord running from the pump was plugged into a wall outlet near the furnace. The air-conditioning unit functioned perfectly from July 5, 1965 to July 26, 1965.

On July 26, 1965 the plaintiff, Earl R. Lane, was awakened by smoke, went to investigate, and found that the Teel-pump was the cause

of the smoke and that the plastic covering was melted and burned. The plastic exterior of the pump had melted from the heat and had become mishapen, and that the electric wires in the pump had burned, causing black smoke to come out of it. There were soot marks on the side of the furnace. The inside of the pump had burned causing smoke and soot. As a result the real and personal property of the plaintiffs was damaged by the smoke and the soot.

The defendant, after notice, examined the pump, agreed that it had burned, and replaced it with a new pump which has been functioning since it was installed.

At the close of the evidence the defendant requested the court to rule:

"1. The evidence does not warrant a finding that the defendant, its agents or servants, was negligent.

2. The evidence does not warrant a finding, other than that the negligence of the plaintiffs contributed, in whole or in part, to cause the alleged injuries and damage.

3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

4. As a matter of law, the defendant breached no legal duty owed by it to the plaintiffs."

The court denied requests for rulings No. 2 and No. 4 and allowed requests No. 1 and No.

3. The court found for the defendant in Count 2 and in Count 4 the court found for the plaintiffs for breach of implied warranty and assessed damages in the sum of an agreed amount of $1,975.87.

The defendant claims to be aggrieved by the denial of its requests for rulings No. 2 and No. 4.

■ There was no error. In request No. 2 the primary issue is whether there is any evidence of negligence on the part of the plaintiffs. The burden is upon the defendant to establish such negligence. Although the report contains an extensive summary of the evidence, nowhere does it refer to any act by the plaintiffs which can be construed as a violation of a legal duty or obligation which the plaintiffs owed to the defendant. A party is not entitled to a ruling which is predicated on facts which cannot be legally found on the evidence. *Barnet* v. *Roberts*, 243 Mass. 233. *Standard Oil Co. of N.Y.* v. *Henderson*, 265 Mass. 322.

The court was warranted in denying defendant's request No. 2.

■ The defendant further claims to be aggrieved by the refusal to grant request No. 4 that, "as a matter of law the defendant breached no legal duty owed by it to the plaintiffs," and contends that having replaced the pump it is not liable for the damage to the real and personal property and that damages

resulting from a breach of an implied warranty are limited to personal injury. To sustain this contention the defendant says that the case is governed by G.L. c. 106, § 2-318, which provides that a seller's warranty, whether expressed or implied, extends to any natural person who is in the family or household of his buyer or is a guest in his house if it is reasonable to expect that such person may use, consume or be affected by the goods sold and who is injured in person by breach of the warranty.

This section allows recovery only for personal injury. And the defendant says that because this section so limits recovery, the same limitation should be applicable to the plaintiffs.

The contention of the defendant cannot be sustained. This section confers upon the buyer's family and guests the benefit of the buyer's warranty which the buyer acquired in the contract of sale. It grants a right to third party beneficiaries which they did not have before the adoption of this section. Prior to this section such third party who suffered personal injury, had no recourse. It was necessary to show a contractual relationship with the vendor. *Gearing* v. *Berkson,* 223 Mass. 257. *Pearl* v. *W. F. Filene's & Sons,* 317 Mass. 529-530.

The case at bar must be governed by G.L. c. 106, § 2-318 which provides that, where the seller at the time of contracting has reason to

know any particular purpose for which the goods are required and the buyer is relying on the seller's skill or judgment to select or furnish suitable goods there is . . . . . an implied warranty that the goods shall be fit for such purpose.

The plaintiffs relied on defendant's expertise, skill or judgment to select and install a suitable air-conditioning unit and the defendant knew the use which was to be made of the system. The plaintiffs had the use of the unit for a short period of twenty-one days when the pump burned, caused smoke and soot which damaged their real and personal property. The defendant, after notice, found the pump defective and replaced it with a new pump. The defendant recognized the breach of the implied warranty.

It has been held that upon any breach of contract whether warranty or otherwise, the defendant is liable for whatever damages follow as a natural consequence and the proximate result of his conduct, or which may reasonably be supposed to have been within the contemplation of the parties at the time the contract was made as a probable result of a breach of it. *Leavitt* v. *Fiberoid Co.*, 196 Mass. 440-445, and cases cited.

"One who warrants goods to possess certain quality is held to an extensive liability for consequential damages for breach of the warranty, perhaps on the ground that such person should more readily foresee injurious

consequences from the breach of his obligation than any ordinary contractor and perhaps because of the close relation between an action for breach of warranty and the law of torts." Williston on Contracts, § 1393.

"Where goods are expressly or impliedly warranted for a purpose, the warrantor necessarily has notice that they will be used for the purpose; any damage which results from so using them is within the contemplation of the parties." Sedgwick on Damages, § 164a.

There being no prejudicial error an order should be made dismissing the report. **Report dismissed.**

JOHN W. BURKE AND GEORGE P. HURLEY
 for the Plaintiffs.

WILLIAM H. SHAUGHNESSY
 for the Defendant Atlantic Heating and Air Conditioning Co. Ltd.

*Western District*
No. 166647