Cowin, J.
The plaintiff Paul J. Janjigian (“Janjigian”) has brought this action for legal malpractice against the law firm of Ferraro & Walsh and twenty-one attorneys. This case is an effort to impose vicarious liability on a number of apparently associated attorneys as a result of alleged negligence by two of the attorneys. See Uniform Partnership Act, G.L.c. 108A, §16. Eleven of the defendants now seek summaiyjudgment under Mass.RCiv.P. 56 or dismissal under Mass.R. Civ. P. 12(b)(6)[2] on the ground that they cannot be held liable under a theory of partnership by estoppel.[3]
In order to prevail, plaintiff must establish that these attorneys are partners. See Brown v. Gerstein, 17 Mass.App.Ct. 558, rev. denied, 391 Mass. 1105 (1984). Plaintiff relies exclusively on the proposition that designation of one individual as “Of Counsel" on the letterhead used by all the attorneys requires a determination that the remaining names on the letterhead are partners. For the following reasons, the motions of all defendants except Matthew J. Fenraro (“Ferraro”) are allowed.
BACKGROUND
For the purpose of these motions, the following facts are undisputed:
In 1988, Janjigian went to the offices of Attorney William H. Walsh (“Walsh") seeking legal representation in a tort action. When he consulted with Walsh, Walsh introduced Attorney John Collier (“Collier") as his partner. Walsh told Janjigian that Collier would work with Walsh on Janjigian’s litigation, and that Collier would handle the day-to-day processing of the litigation. At no time did Collier object to Walsh’s statement that Collier was Walsh’s partner.
When Janjigian called Collier by telephone, a secretary answered “Ferraro & Walsh.” At various times throughout the litigation, Janjigian received correspondence from Collier. These communications were on letterhead paper. The words “Ferraro and Walsh” did not appear anywhere on the letters, nor did any firm name or title. The address of 954 Cambridge Street, Cambridge, 02141 was printed at the top middle of the letterhead. The letterhead listed the names of a number of attorneys.[4] All the names were printed in the same size type. Matthew J. Ferraro (“Ferraro”) and William H. Walsh were respectively the first two names. The named defendants are among the attorneys listed. One attorney, James B. Bartlett, was, at least on one letter, listed as “Of Counsel.” James B. Bartlett is not a defendant. No line separates any of the names.
Janjigian’s tort action ultimately was dismissed for failure to prosecute. As a result, Janjigian brought the present action for legal malpractice. Janjigian named as defendants “Ferraro and Walsh,” attorneys Walsh, Collier and Ferraro, and eighteen of the other attorneys listed on the letterhead. The ten defendants presently moving for summaiyjudgment are ten of the other eighteen attorneys listed. These ten defendants were not partners of “Ferraro & Walsh” at the time of the alleged malpractice.[5]
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 553 (1976); Mass.R.Civ.R 56 (c).
The only contention here, by plaintiffs own.admission, is that these defendants have held themselves out and permitted themselves to be held out as partners. The plaintiff claims that this created an estoppel that prevents the defendants from denying liabiliiy. Since estoppel is a fact question, it is necessary to decide whether on this record there is a basis to conclude that the party with the burden cannot sustain it as a matter of law.
To hold a defendant liable under a theoiy of partnership by estoppel pursuant to G.L.c. 108A, §16, a plaintiff must show: (1) that the would-be partner has held himself out as a partner; (2) that such holding out was done by the defendant directly or with his consent; (3) that the plaintiff had knowledge of such holding out; and (4) that the plaintiff relied on the ostensible partnership to his prejudice. Brown v. Gerstein, supra, at 571. “Failure to establish any of these requirements precludes recovery on an estoppel theory.” Id. at 571.
Janjigian has failed to satisfy the first and second elements of the Brown test. The only evidence to support his theoiy of partnership by estoppel as to these ten defendants is the letterhead which names each defendant, together with a large number of other attorneys. This argument has been considered and rejected in Brown. The letterhead does not establish that the ten defendants have directly held themselves out as partners *87 of “Ferraro & Walsh." Nor did the defendants give consent to be held out as partners of “Ferraro & Walsh.” Even if, as is likely, the defendants’ names were used in the letterhead with their knowledge, this does not mean they held themselves out or were being held out as partners. See id., at 572, citing Standard Oil Co. v. Henderson, 265 Mass. 322, 326 (1928) (“the use of a person’s name in a business, even with that person’s knowledge, is too slender a thread to warrant a favorable finding on the consent element”).
Plaintiff claims that the fact that one person, James B. Bartlett, is listed on the letterhead as “Of Counsel,” distinguishes the present case from Brown. Indeed, plaintiff at oral argument stated that this alleged distinction is the only factor that removes this case from the Brown holding. That single fact does not distinguish this case in any way from Brown. That one person is listed as “Of Counsel” has no bearing on the legal relation of the other attorneys on the letterhead. Nothing can be read into the listing of the other attorneys’ names from the status of Attorney Bartlett. His listing is simply irrelevant to whether the other attorneys were indicating that they were partners.
Thus, Janjigian has failed to show that the ten defendants, directly or by consent, held themselves out as partners. Based on Brown and the facts that the defendants have established through affidavit, there is no genuine issue of material fact with respect to the claim asserted by plaintiff for partnership by estoppel. Therefore, the defendants’ motions (other than that of Ferraro) are allowed.
In regard to Ferraro, he has filed only a motion to dismiss and has filed no affidavit therewith. The holding of Brown is that the listing of names on a letterhead does not, as a matter of law, mean that those listed are partners or that they are not partners. The list simply indicates that those on it are practicing law in a combination of some type.
In this case, those ten defendants who submitted affidavits aver that they are not partners. This evidence is not rebutted. Thus, I am able to determine that these defendants are not partners and that they are entitled to judgment as a matter of law. Ferraro has not submitted an affidavit stating he is not a partner. Therefore, there is nothing in the record to permit me to rule whether his status is established as a matter of law. Since Ferraro is the moving party on his motion to dismiss, he has not met his burden and he does not prevail.
The affidavits of the other defendants do not assist Ferraro. None of these other affidavits refers to Ferraro. Each affiant is concerned only with his or her own status. Therefore, I am unable to draw any conclusions from these affidavits with respect to Ferraro and his motion to dismiss is denied.
ORDER
For the-foregoing reasons, the motions of defendants Bruce W. Warren, Mark H. White, Steve E. Kramer, Kathleen C. McCabe, Mary C. Praught, James L. Farrell, Dianne C. Alves, John D. Franchitto, Ira C. Yellin and Janice Pascucci are hereby ALLOWED. The motion to dismiss of Matthew J. Ferraro is hereby DENIED.

 Seven of the defendants (Bruce W. Warren, Mark H. White, Steven E. Kramer, Kathleen C. McCabe, Mary C. Praught, James L. Farrell and Dianne C. Alves) have moved for summary judgment. Three of the defendants (John D. Franchitto, Ira C. Yellin and Janice Pascucci) have moved to dismiss, or, in the alternative, for summary judgment. Because the Court is asked to consider materials outside the pleadings, all the motions will be treated as motions for summary judgment. Cousineau v. Larame, 388 Mass. 859 (1983). No notice need be given to the plaintiff since he has also submitted materials beyond the pleadmgs. Stop & Shop Cos., Inc. v. Fisher, 387 Mass. 889 (1983). Defendant Matthew J. Ferraro has moved to dismiss. His motion will be treated separately for reasons discussed infra.

 The claim against another defendant, Robert H. Need-ham, was dismissed by agreement at the hearing on the instant motions.

 Janjigian has attached to his affidavit copies of two letters that he received from Collier dated March 2, 1988, and March 30, 1989, respectively. The March 2, 1988 letter lists twenty attorneys in addition to Ferraro and Walsh, with no name appearing as “Of Counsel," while the March 30, 1989 letter lists eighteen attorneys in addition to Ferraro and Walsh, and James B. Bartlett’s name appearing as “Of Counsel.”

 The ten defendants each submitted an affidavit stating that he/she was not a partner. Janjigian has failed to rebut these defendants’ statements with specific facts, and thus, the Court accepts the contents of the affidavits as true. United States Fidelity and Guar. Co. v. N.J.B. Prune Investors, 6 Mass.App.Ct. 455 (1978); See also Lewis v. Antelman. 10 Mass.App.Ct. 221 (1980) (conciusorv aliegauons do not raise-triable issues of fact); Mass.R.Civ.P. 56(f) (it is not enough for the plaintiff to raise problems of future evidence). Ferraro has not submitted an affidavit. Again, his motion is considered separately. See infra.