Brassard, J.
This is a legal malpractice action arising out of codefendant, Lisa Parlagreco’s (“Attorney Parlagreco”) legal representation of the plaintiff, Kristie Margeson (“Ms. Margeson”) in connection with a motor vehicle accident which occurred on May 21, 1993. On December 1, 1997, Ms. Margeson filed a complaint alleging that Attorney Parlagreco negligently advised her to accept a settlement of her claim which was less than its true value.
In August 1998, Ms. Margeson amended her complaint to add J. Michael McGuinness (“Attorney McG-uinness”) as a defendant to the litigation. As grounds for this amendment, Ms. Margeson points to a contingent fee agreement between Ms. Margeson and Attorney Parlagreco executed on behalf of “McGuinness and Parlagreco,” which she contends indicates the formation of a partnership between these attorneys. Ms. Margeson’s amended complaint alleges, as to Attorney McGuinness, claims for partnership by estoppel, breach of contract by the partnership of McGuinness and Parlagreco, and negligence of the partnership of McGuinness and Parlagreco. Attorney McGuinness now moves to dismiss or in the alternative for summary judgment on those counts of plaintiffs amended complaint that apply to him. This court conducted a hearing on March 2, 1999, at which time defendant relied on an affidavit in support of his motion. This court invited the plaintiffs attorney to submit an affidavit or other additional material, but, after discussion with Ms. Margeson, her attorney advised the court that no supplemental material would be submitted. Because papers beyond the complaint are being considered, this court is treating this motion as one for summary judgment. For the following reasons, Attorney McGuinness’ motion is ALLOWED.
BACKGROUND
On May 21, 1993, Ms. Margeson was operating a motor vehicle in North Reading when she was rear- *65 ended by a vehicle owned by Pepsi Cola Company (“Pepsi”) and operated by its employee, Gordon McDonald (“Mr. McDonald"). As a result of the motor vehicle accident, Ms. Margeson sustained injuries to her neck and her back and developed headaches.
On May 26, 1993, Ms. Margeson retained Attorney Parlagreco to represent her in a lawsuit in connection with her claims against Pepsi and Mr. McDonald. On September 30, 1993, a contingent fee agreement was executed between Ms. Margeson and Attorney Parlagreco on “McGuinness and Parlagreco” letterhead. On December 16, 1994, following the advice of Attorney Parlagreco, Ms. Margeson signed a release of all claims against Pepsi and Mr. McDonald in exchange for a payment in the amount of $50,000.
On December 1, 1997, Ms. Margeson filed an action against Attorney Parlagreco alleging negligent representation, specifically, that Attorney Parlagreco negligently advised her to accept a settlement offer which was considerably less than the actual amount of her claim. On August 25, 1998, Ms. Margeson filed an amended complaint adding Attorney McGuinness as a defendant. Ms. Margeson alleges partnership by estoppel based on the contention that Attorney Parlagreco and Attorney McGuinness held themselves out as partners in the law firm of “McGuinness and Parlagreco.”
Attorney McGuinness is licensed to practice law in North Carolina, Washington D.C., and Massachusetts. Attorney McGuinness presently practices in North Carolina where he has maintained an office since 1991. Attorney McGuinness lived in Salem from 1992 to 1995, and until 1995, he also had an office in Salem MA. During that time, Attorney McGuinness was self-employed as a sole practitioner. Attorney McG-uinnness and Attorney Parlagreco are second cousins and agreed to use the name “McGuinness and Parlagreco” to conduct business. During the period of Attorney Parlagreco’s representation of Ms. Margeson, Attorney McGuinness never had any contact with Ms. Margeson. Attorney Parlagreco and Attorney McG-uinness never shared office space, income, expenses, bank accounts, or staff. Neither Attorney Parlagreco nor Attorney McGuinness filed partnership tax returns.
DISCUSSION
Mass.R.Civ.P. 12(b) provides, in part, that a motion to dismiss a complaint under Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted shall be treated as a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court. See Watros v. Greater Lynch Mental Health & Retardation Ass’n., 421 Mass. 106, 109 (1995). If the court decides to convert a motion to dismiss into a motion for summary judgment, the court should advise the parties of its intention to do so and afford the parties a reasonable opportunity to present material pertinent to the summary judgment motion. See Stop & Shop Cos., Inc. v. Fisher, 387 Mass. 889, 893 (1983); Orion Ins. Co. PLC v. Shenker, 23 Mass.App.Ct. 754, 757 (1987). Having afforded both parties the opportunity to provide material to supplement the record, this court is treating the motion presently before the court as a motion for summary judgment.
Summary judgment shall be granted where there are no issues of material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
Under Massachusetts law, four elements must be proven in order to establish liability under the doctrine of partnership by estoppel; (1) that the would-be partner held himself out as a partner; (2) that such holding out was done by the defendant directly or with his consent; (3) that the plaintiff had knowledge of such holding out; and (4) that the plaintiff relied on the ostensible partnership to her prejudice. G.L.c. 108A, §16; Brown v. Gerstein, 17 Mass.App.Ct. 558, 571 (1984), citing Standard Oil Co. v. Henderson, 265 Mass. 322, 326 (1928). Failure to establish any of these requirements precludes recovery on an estoppel theory. Brown, supra at 571.
Attorney Parlagreco has presented evidence that during the time that she represented Ms. Margeson, the door to her office contained only her name and the name of the attorney with whom she shared the office, Arthur Drinkwater, and that Attorney McGuinness’ name never appeared on the door (Parlageco Affidavit, ¶3). This office, in which Attorney Parlagreco met with Ms. Margeson on several occasions, was not shared with Attorney McGuinness nor was there any reference to him anywhere in the office (Parlagreco Affidavit, ¶4). Moreover, Attorney McGuinness never met or communicated with Ms. McGuinness, and he in no manner participated in this litigation (McGuinness Affidavit, ¶4).
Ms. Margeson has not presented any evidence to dispute these facts, nor has she offered any evidence to support her assertion that she relied on this ostensible partnership to her prejudice. Brown, supra at 571. Accordingly, she has failed to prove at least one of the four elements necessary to establish liability under the doctrine of partnership by estoppel. Id. Thus, because Ms. Margeson has offered no evidence *66 that she relied on the existence of this partnership to her prejudice, this court need not address the first three factors. Id.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment be ALLOWED.