CHARLES CROMPTON *vs.* CHESTER B. WILLIAMS.
CHARLES CROMPTON & SONS, INCORPORATED, *vs.* SAME.

Essex.    November 5, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, BRALEY, & DE COURCY, JJ.

*Automobile. Name.*

Under St. 1909, c. 534, § 2, which provides that an application for the registration of a motor vehicle may be made by the owner thereof and requires that the application shall contain a statement of the name, place of residence and address of the applicant, an application made by the owner of an automobile in a name implying a partnership that does not exist, under which he has been doing business individually for many years and by which he is well known in the community, and a certificate of registration granted to him in such name, satisfy

the requirements of the statute, and the registration is lawful; and it is immaterial that such registered owner never has complied with the requirement of St. 1907, c. 539, as amended by St. 1908, c. 316, for the protection of creditors, providing that individuals engaged in business under names other than their own shall file with the city or town clerk a certificate stating the full name and residence of each person by whom the business is conducted.

TWO ACTIONS OF TORT against the same defendant, the first by Charles Crompton for personal injuries, and the second by Charles Crompton and Sons, Incorporated, a corporation, for damage to merchandise belonging to it contained in an automobile belonging to and operated by the plaintiff in the first case and then being operated by him as an officer and agent of the plaintiff in the second case, which had hired the automobile for use in its business, such personal injuries and damage to property being alleged to have been caused by the negligence of the defendant or his servant in operating another automobile which came into collision with the automobile of the plaintiff in the first case on November 14, 1910. Writs dated December 23, 1910.

In the Superior Court the cases were tried together before *Hitchcock,* J. It was conceded that the defendant's automobile was lawfully registered, and that the defendant was duly licensed to operate it. There was evidence tending to show the due care of the plaintiff in the first case, and there also was evidence tending to show the negligence of the defendant.

The plaintiff Charles Crompton, against the objection of the defendant and subject to the defendant's exception, testified that he owned the automobile that he was driving at the time of the accident and that it was registered in the name of Charles Crompton and Sons, under which name he was doing business on September 2, 1910, when it was registered; that the corporation Charles Crompton and Sons, Incorporated, was not incorporated until September 27, 1910, and that on November 14, 1910, when the accident occurred, that corporation had the automobile in its use and possession. The certificate of registration was put in evidence. It was dated September 2, 1910, and contained the statement that the vehicle was owned by Charles Crompton and Sons. An operator's license granted to the plaintiff Charles Crompton, likewise dated September 2, 1910, was put in evidence. On cross-examination the plaintiff Charles Crompton testified

that he did business under the name of Charles Crompton and Sons for seventeen years and that he did not remember that he ever had filed with the city clerk of the city of Lynn a certificate that he was doing business as an individual under the name of Charles Crompton and Sons.

At the close of all of the evidence, the defendant requested the judge to rule in each case as follows:

"1. Upon all the evidence in the case as a matter of law the plaintiff cannot recover.

"2. The automobile in which the plaintiff was riding at the time of the accident was not lawfully registered."

The judge refused to rule as requested, and submitted the case to the jury, instructing them that there was evidence on which they might find, if they believed the testimony, that the automobile operated by the plaintiff Charles Crompton was duly registered.

The jury returned a verdict for the plaintiff in each case. No question was raised in regard to the amounts of the verdicts. The defendant alleged exceptions to the admission of the evidence above described, to the judge's refusal to rule as requested and to his ruling in regard to registration.

The cases were submitted on briefs.

*W. R. Bigelow,* for the defendant.

*A. G. Wadleigh & F. E. Shaw,* for the plaintiffs.

BRALEY, J.   If the automobile operated and controlled by the plaintiff corporation was not properly registered, it was unlawfully upon the highway, and neither plaintiff can recover, although the collision would not have occurred but for the defendant's negligence.   St. 1909, c. 534, § 2.   *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137, 157, 158.   *Bourne* v. *Whitman,* 209 Mass. 155, 172.   The statute provides that the application must contain, in addition to such other particulars as the commission may require, a statement of the name, place of residence and address of the applicant with a brief description of the motor vehicle.   St. 1909, c. 534, § 2.

Before the formation of the corporation Charles Crompton, the owner and licensed operator of the car, to whom we shall refer as the plaintiff, carried on business under the name of "Charles Crompton & Sons."   A corporation, a partnership or an individual

may adopt a trade name under which business can be transacted, actions instituted, or defended, and the title to property acquired and transmitted. *Gifford* v. *Rockett,* 121 Mass. 431. *Phipps* v. *Little,* 213 Mass. 414, 416, and cases cited. The plaintiff's application and the registration followed the name in which he did business. But if registration under a fictitious name adopted for the purpose of concealing identity would not be a compliance with the statute, because the record would not show, nor the certificate contain, a descriptive statement by which the true owner could be ascertained, the jury properly could find that the plaintiff was well known in the community by his trade name. If this appeared, the requirements of the statute were satisfied.

Nor is the right of recovery barred by the failure of the plaintiff to comply with the St. of 1907, c. 539, as amended by St. 1908, c. 316, which provides, that individuals engaged in business under names other than their own shall file with the clerk of the city or town in which the place of business is situated, a certificate stating the full name and residence of each person by whom it is conducted. The act is intended for the information and protection of creditors with whom the trader contracts under an artificial designation which in the absence of such certificate may enable the actual or responsible debtor for want of identification to escape all liability.

The plaintiff not having parted with the ownership, even if he had become an employee of the corporation by which the car had been hired, the presiding judge rightly refused to rule that the actions could not be maintained, and submitted the cases to the jury under instructions which are unexceptionable.

*Exceptions overruled.*