ALICE WILLARD BACON *vs.* BOSTON ELEVATED RAILWAY COMPANY.

WALTER O. BACON *vs.* SAME.

Suffolk.    March 11, 1926. — May 26, 1926.

Present: BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Motor Vehicle*, Registration. *Married Woman. Name. Evidence*, Presumptions and burden of proof.

As a matter of law, the legal surname of a woman after her marriage is that of her husband.

If, after her marriage, a woman causes a motor vehicle owned by her to be registered in her name as it was before her marriage, the motor vehicle is not legally registered under G. L. c. 90, § 2, and its use upon a public way is unlawful and constitutes a nuisance; and if, while being so used and operated by the owner, it is run into by another vehicle by reason of negligence, but not of wanton or reckless misconduct on the part of the driver of the second vehicle, the woman cannot recover from the driver of the second vehicle for personal injuries and property damage so caused.

With an action of the character above described was tried an action by the husband of the owner of the motor vehicle, who was with her in the motor vehicle at the time of the collision and suffered personal injuries. The wife's maiden surname was W. The husband's surname was B. He testified that he did not know that the motor vehicle was registered in his wife's maiden name. At one time he testified that he did not know that it was registered and at another time that he did know that it was registered but acknowledged that at one time before the collision an inspector of the highway commission made a complaint to him when he was in the car about the bumper covering one of the rear lights; that later he was notified of the complaint by a letter addressed to "Mrs. W," but that he did not notice to whom it was addressed; that his wife showed him the letter but he did not "pay any attention to it." The trial judge ruled that the husband had reasonable cause to know of the violation of G. L. c. 90, § 9, and ordered a verdict for the defendant.

*Held*, that the ruling of the judge was correct since the letter conveyed to him such information of the fact that the registration was illegal as he was bound to observe, and was to be considered notice of it.

Two ACTIONS OF TORT, with declarations, as amended, described in the opinion.   Writs dated November 9, 1923.

In the Superior Court, the actions were tried together before *Walsh*, J.   Material evidence at the trial is described in the opinion.   At the close of the evidence, the judge ordered the jury to return a verdict for the defendant in each action, ruling in the first action as a matter of law that the automobile which the plaintiff was driving at the time of the accident was not properly registered and that there was no evidence that the defendant through the operator or motorman of the street car was guilty of any wilful or wanton negligence; and in the second action ruling as a matter of law that at the time of the accident the plaintiff "knew that the automobile was registered in the name of Alice W. Willard or, upon all the evidence, he had reasonable ground to believe or know that it was so registered, and, knowing or having reasonable ground to know that, there was no evidence that the defendant through its motorman or operator of the street car was guilty of any wilful or wanton neglect."

*F. R. Mullin*, (*P. F. Spain* with him,) for the plaintiffs.

*J. I. Krafsur*, for the defendant.

CROSBY, J.   These are two actions to recover for personal injuries, and for damage to an automobile which was in collision with an electric car of the defendant on October 4, 1923.   At the time of the collision the plaintiff in the first case was operating the automobile, and her husband (the plaintiff in the second case) was riding with her.   There was evidence from which the jury might have found that the plaintiffs were in the exercise of due care and that the defendant's motorman was negligent.

The automobile was owned by the plaintiff in the first case, and in 1923 was registered in the name of "Alice W. Willard" — her maiden name.   She testified in substance that she was married in 1921; that she was not engaged in business of any kind; that she was known to her friends and

generally as Alice W. Bacon; that she applied for and received a license to operate the automobile in the name of Alice W. Bacon which she knew to be her legal name; that whatever business she transacted after her marriage to Mr. Bacon to the time of the accident was in that name; that when she was asked her name she gave it as Alice W. Bacon; that when she applied for registration of the automobile in 1923 she did so in a name that was not hers; that she paid an income tax in the name of Alice W. Bacon; and that she renewed her operator's license in the same name.

As matter of law after her marriage in 1921 her legal name was Alice W. Bacon. See G. L. c. 208, § 23. *Chapman* v. *Phoenix National Bank of New York,* 85 N. Y. 437, 449. The statute, G. L. c. 90, § 2, contemplates that a motor vehicle shall be registered in the name of its owner. *Fairbanks* v. *Kemp,* 226 Mass. 75, 78. It is manifest from the uncontradicted evidence that at the time of the accident the automobile was not legally registered and was a nuisance upon the highway, which precludes recovery by the owner. *Gould* v. *Elder,* 219 Mass. 396. *Pierce* v. *Hutchinson,* 241 Mass. 557. *McDonald* v. *Dundon,* 242 Mass. 229. *Nichols* v. *Holyoke Street Railway,* 250 Mass. 88. It was held in *Crompton* v. *Williams,* 216 Mass. 184, that for the owner of a motor truck to register it in a trade name, under which he had carried on business for many years and by which name he was well known in the community, was a compliance with the statute in the absence of evidence that such name was adopted to conceal identity. That decision is not pertinent to the facts in the case at bar. The trial judge rightly directed a verdict for the defendant.

In the second case, it is the contention of the plaintiff that even if the automobile was not legally registered, he is entitled to recover. He relies on G. L. c. 90, § 9, which provides in part that "No person shall operate any motor vehicle . . . unless such vehicle is registered in accordance with this chapter . . . but violation of this section shall not constitute a defence to actions of tort for injuries suffered by a person . . . unless it is shown that the person injured . . . knew or had reasonable cause to know that this section

was being violated." The trial judge ruled as matter of law that upon all the evidence the plaintiff at the time of the accident knew or had "reasonable ground to believe or know" that the automobile was registered in the name of Alice W. Willard.

The plaintiff testified that he had an operator's license; that at various times he had driven the automobile in question, both with and without his wife's presence in the automobile; that he went with it on short pleasure or business trips during the year 1923; that he never had occasion to see the registration but knew that it ought to be in the car or about his person; that his wife's nephew attended to the registration; that he did not know whether it was registered in the name of Mrs. Bacon, although he had been driving the car; that during the year 1923, before the accident, no one asked for the certificate of registration; that he knew the car was registered in 1923 only by knowing that Mrs. Bacon always attended to all those things in his absence; that he took it for granted that the certificate of registration was in the car; that the first time he knew it was registered in the name of Alice W. Willard was during the trial of this case. Upon the question whether he had knowledge that the car was registered, he testified that he knew it was registered, and also that he did not know it was registered. He further testified that he notified the highway commission of the accident, stating in his report that the automobile was "owned and operated by my wife, Mrs. A. W. Willard-Bacon"; that on the front of the report to the commission, made in his handwriting and received by the commission, the registration number appeared and might have been taken off the certificate of registration; that he did not know where he got the number; that in July, 1923, an inspector of the highway commission made a complaint to him when he was in the car about the bumper covering one of the rear lights; that later he was notified of the complaint by a letter addressed to "Mrs. Willard," but that he did not notice to whom it was addressed; that his wife showed him the letter but he did not "pay any attention to it."

Ordinarily when in a jury trial an issue of fact is to be proved and the evidence respecting it is contradictory, it cannot be ruled as matter of law that the fact has or has not been proved, but such decision must be left to the jury. In the case at bar the question whether the plaintiff knew or had reasonable cause to know that the automobile was illegally registered depends entirely upon his own testimony and the reasonable inferences to be drawn therefrom; and while he testified that he did and also that he did not know it was registered, and did not know that it was registered in the name of Alice W. Willard, it plainly appears from his admissions that, if he did not know of such illegal registration, he had reasonable cause to know that fact. His testimony that he saw the letter written before the accident by the highway commission, directed to "Mrs. Willard" and complaining that the rear lights on the car were obstructed, alone was notice to him that the car was not legally registered, notwithstanding his testimony that he did not "pay any attention to it." The letter conveyed to him such information of the fact that the registration was illegal as he was bound to observe, and is to be considered notice of it. *George* v. *Kent,* 7 Allen, 16, 18. *Walkden's Case,* 237 Mass. 115, 117. *Rolli* v. *Converse,* 227 Mass. 162, is clearly distinguishable from the present case. The judge rightly ruled that the plaintiff knew or had reasonable cause to know that the automobile was registered in the name of Alice W. Willard.

In accordance with the terms of the report, the entry in each case must be

*Judgment on the verdict.*