EMMA V. KOLEY *vs.* ETHEL M. WILLIAMS.

Suffolk.    December 12, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Motor Vehicle*, Registration. *Name. Married Woman.*

Although the legal name of a woman after her marriage is her given name with her husband's surname, a motor vehicle owned by a married woman properly was registered in the given name and surname of her husband with the prefix "Mrs." if that was the manner in which she usually signed her name and it did not appear that she used her husband's name for the purpose of concealing her identity; since the woman could be identified as the owner of the motor vehicle, there was compliance with the purpose of the statute requiring its registration.

TORT for personal injuries. Writ dated November 4, 1927.

Material evidence at the trial in the Superior Court before *Keating*, J., is stated in the opinion. The judge submitted to the jury the questions, whether the operator of the defendant's automobile was negligent, and what the plaintiff's damages were. The jury answered the first

question in the negative, and found that the plaintiff's damages were $3,400. Thereupon the judge ordered a verdict for the plaintiff in the sum of $3,400, and reported the action for determination by this court upon a stipulation that, if the defendant's automobile was registered illegally, judgment should be entered for the plaintiff in the sum of $3,400; otherwise, judgment should be entered for the defendant.

The case was submitted on briefs.

*A. W. Hoe,* for the plaintiff.

*J. F. Volk,* for the defendant.

CARROLL, J. The plaintiff, a passenger in a taxicab, was injured at the intersection of Boylston Street and Dartmouth Street, in Boston, by reason of a collision of the taxicab with an automobile owned by the defendant and driven by her son with her authority. It was admitted that the plaintiff was in the exercise of due care; that the negligence of the driver of the taxicab was not to be imputed to her. The jury found that the driver of the defendant's motor vehicle was not negligent.

The defendant's name was Ethel M. Williams. She was the wife of John P. Williams. The automobile was registered in the name of Mrs. John P. Williams. The plaintiff contends that the automobile was not registered according to law for the reason that it was registered in the name of Mrs. John P. Williams instead of Ethel M. Williams; that the machine was unlawfully on the highway and for this reason the plaintiff can recover.

As matter of law the legal name of the defendant upon her marriage was Ethel M. Williams. The wife takes the husband's surname. *Bacon* v. *Boston Elevated Railway,* 256 Mass. 30, 32. But it does not follow that, because the motor car was registered in the name of Mrs. John P. Williams, it was illegally registered. A woman whose husband is prominent in public life is frequently known by her husband's name with the prefix "Mrs." In some instances married women conduct business in the husband's name; not infrequently a married woman is known and identified under the given name and surname of the husband and signs her

name in this way with the prefix "Mrs." The defendant usually signed her name "Mrs. John P. Williams." She probably was better known under this name and could easily be identified by such a designation.

The purpose of the statute requiring registration of a motor vehicle in the name of the owner was for identification in order that an injured person might be able to ascertain the name and address of the owner. *Fairbanks* v. *Kemp,* 226 Mass. 75. *Rolli* v. *Converse,* 227 Mass. 162. *Nichols* v. *Holyoke Street Railway,* 250 Mass. 88, 91. It has been held that a motor vehicle may be legally registered under a trade name. *Crompton* v. *Williams,* 216 Mass. 184. It is not intimated that the defendant used her husband's name for the purpose of concealing her identity. She registered her vehicle in the name adopted by her. When signing, she gave her correct address. She could easily be identified, and the purpose of the statute was complied with.

It follows that the motor vehicle was legally registered, it was lawfully on the highway, and as there was no negligence on the part of the defendant or her son the plaintiff cannot recover.

*Judgment for the defendant.*