MORRIS FINE *vs.* FLORA KAHN.

Middlesex.    March 4, 1930. — March 6, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Motor Vehicle*, Registration. *Name*. *Negligence*, Trespasser. *Way*, Public: trespass.

An automobile was not legally registered in accordance with G. L. c. 90, § 2, as amended, where it was registered in a name which was different in some respects from the owner's real name, although it appeared that "at times he used and was known by" such name: it could not be said that the name used in the registration revealed his identity and described him sufficiently so that he could readily be found in the community.

The automobile above described was a trespasser upon the way, and, in an action for personal injuries and damage to it resulting from a collision with another motor vehicle operated by the defendant, the plaintiff could not recover in the absence of reckless or wanton conduct on the part of the defendant.

TORT.    Writ dated May 16, 1928.

In the Superior Court, the action was heard without a jury by *Greenhalge*, J.    Findings and rulings by the judge are

stated in the opinion. He found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*M. H. Golburgh,* for the plaintiff.

*J. W. Coughlin,* for the defendant.

RUGG, C.J. This is an action of tort whereby the plaintiff seeks to recover compensation for injuries to person and property caused by reason of collision with a motor vehicle operated by the defendant. The plaintiff was the owner and driver of one of the two motor vehicles involved in the accident. The trial judge, hearing the case without a jury, found upon all the evidence that the real name of the plaintiff was Morris R. Fine "but that at times he used and was known by the name of Murray R. Fine," and that the motor vehicle owned and driven by him at the time of the accident was registered in the name of Murray R. Fine.

This was not equivalent to a finding that the plaintiff was commonly known by the name Murray R. Fine. The finding at most means that once in a while he assumed that name. The finding goes no further than to indicate that in restricted connections and on separated, and perhaps rare, occasions he was known by the name in which his motor vehicle was registered. It falls far short of indicating that the name in which it was registered revealed his identity and gave a descriptive statement by which he could readily be found in the community. The motor vehicle of the plaintiff was not registered in accordance with G. L. c. 90, § 2, as amended. It was therefore an outlaw on the highway. Since the judge further found that the injuries alleged to have been sustained by the plaintiff were not recklessly or wantonly inflicted by the defendant, he correctly ruled that the plaintiff's motor vehicle was not registered according to law and was a trespasser upon the highway, and that the plaintiff had no rights against other travelers except to be protected from reckless or wanton injury. *Fairbanks* v. *Kemp,* 226 Mass. 75. *Bacon* v. *Boston Elevated Railway,* 256 Mass. 30. *Crompton* v. *Williams,* 216 Mass. 184. *Koley* v. *Williams,* 265 Mass. 601.

*Exceptions overruled.*