### BESSIE MUSSMAN *vs.* JOHN W. BRODERICK.

Suffolk.    April 3, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ

*Motor Vehicle,* Registration. *Married Woman. Way,* Public: trespass.
  *Trespass.*

Previous to a woman's marriage, her automobile was registered in her
    maiden name. Upon her marriage she "assumed" her maiden name
    with the addition of her husband's surname, but effected no change in
    the registration of the automobile, which remained her property and
    was damaged in a collision with another motor vehicle later in the
    same year as that of the registration and the marriage. *Held,* that
    at the time of the collision the automobile was legally registered and
    was not a trespasser on the way.

TORT for damage to the plaintiff's automobile in a collision
with a motor vehicle of the defendant. Writ in the Munic-
ipal Court of the City of Boston dated September 6, 1929.

Material evidence at the trial in the Municipal Court is
stated in the opinion. The defendant requested the follow-
ing rulings:

"1. The plaintiff's automobile at the time of the alleged
accident was a trespasser on the highway, and the plaintiff
is not entitled to recover.

"2. An automobile, registered in the maiden name of a
woman who at the time of said registration was single, and
who subsequently becomes married, and makes no change in
the registration, is a trespasser on the highway.

"3. An automobile owned by a married woman and
registered in her maiden name is a trespasser on the highway,
and the plaintiff is not entitled to recover."

The judge denied the first and second requests and granted the third with the notation "Yes, unless registered before marriage." He found for the plaintiff in the sum of $125 and reported the action to the Appellate Division. The report was ordered dismissed and the defendant appealed.

*G. E. Thompson,* for the defendant.

*I. Fendel,* for the plaintiff.

CARROLL, J. The plaintiff's automobile was damaged by a collision with the motor vehicle of the defendant. The negligence of the operator of the defendant's vehicle and the due care of the person operating the plaintiff's automobile are not questioned. The defendant's contention is that the plaintiff's automobile was not registered according to law and was a trespasser on the highway. There was a finding for the plaintiff in the Municipal Court of the City of Boston. In the Appellate Division the report was dismissed; the defendant appealed.

The action was brought in the name of Bessie Mussman Miller. The writ and declaration were amended by striking out the name "Bessie Mussman Miller" and inserting the name "Bessie Mussman." The collision between the two motor vehicles took place on July 19, 1929. The plaintiff was married on June 25, 1929, at which time "she assumed the name of Bessie Mussman Miller." Her automobile had been owned by her for two and a half years and was registered at the date of the purchase in her maiden name, Bessie Mussman, and on the date of the alleged accident was registered in the name of Bessie Mussman.

The plaintiff's automobile was legally registered when it was damaged by the defendant's negligence. G. L. c. 90 does not require a new registration when the female owner marries; § 2 provides that upon a transfer of ownership of a motor vehicle the registration shall expire; but there is no provision that the registration of a motor vehicle should come to an end if the owner marries and changes her name. The plaintiff's automobile remained her property and was legally registered.

*Bacon* v. *Boston Elevated Railway,* 256 Mass. 30, is not in conflict. In that case the plaintiff was married in 1921; her

legal name was then Alice W. Bacon; in 1923 she registered the automobile in her maiden name, Alice W. Willard. It was held that the automobile was not legally registered and was a trespasser on the highway.

*Fine* v. *Kahn,* 270 Mass. 557, relied on by the defendant, is not contrary to the decision here. There the motor vehicle was registered in the name of Murray R. Fine, whereas the owner's name was not Murray R. Fine but was Morris R. Fine; the automobile, therefore, was not registered according to law.

The plaintiff's motor vehicle was legally registered when she purchased it before her marriage; it was registered in her true name, and that registration did not expire on her marriage.

*Order dismissing report affirmed.*