HARRY U. BREWER *vs.* JAMES C. HAYES.

Middlesex.     January 4, 1934. — January 6, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Motor Vehicle*, Registration. *Evidence*, Presumptions and burden of proof.

Where, at the trial of an action of tort for personal injuries and property damage sustained in a collision between an automobile of the plaintiff and one owned and operated by the defendant, and caused by negligence of the defendant, the defendant relied upon a defence that the plaintiff's automobile was an "outlaw" upon the highway because not registered as required by G. L. (Ter. Ed.) c. 90, § 2, in that the application did not contain "a statement of the name, place of residence and address of the applicant," the burden of establishing such defence rested upon the defendant.

At the trial of the action above described, it was agreed that the automobile of the plaintiff was registered under a business name which did not include his name; that on the application for the registration he answered affirmatively a question, "Is this vehicle owned by you individually?"; that the signature to the application was the business name, followed by his name and the designation, "Prop"; and that the mail address given was that of the plaintiff. There was evidence that the business name used was a registered trade name; that the plaintiff acquired the business under that trade name; and that it was a name "from ancient history." A motion that a verdict for the defendant be ordered was denied. There was a verdict for the plaintiff. *Held*, that

    (1) The evidence warranted a finding that the automobile of the plaintiff was registered under the trade name of the plaintiff as owner;

    (2) The motion that a verdict be ordered for the defendant on the ground of illegal registration of the plaintiff's automobile was denied rightly.

TORT. Writ dated October 2, 1931.

In the Superior Court, the action was tried before *Beaudreau*, J. Material evidence is described in the opinion. There was a verdict for the plaintiff in the sum of $1,100. The defendant alleged exceptions.

*E. T. Doherty*, for the defendant.

*W. Isber*, for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries and property damage alleged to have been sustained by the plaintiff as a result of negligence of the defendant in operating an automobile owned by him. The only defence argued is that the plaintiff's automobile was an "outlaw" upon the highway because not registered as required by G. L. (Ter. Ed.) c. 90, § 2, in that the application did not contain "a statement of the name, place of residence and address of the applicant." It was agreed that the motor vehicle owned by the plaintiff was registered under the name "Eastman's Express." The application showed that in answer to the question "Is this vehicle owned by you individually?" the answer "Yes" was made, that it was signed "Eastman's Express H. U. Brewer Prop," and that the mail address was "93 Myrtle St. Melrose" which is the address of the plaintiff. There was evidence tending to show that the plaintiff conducted business under the name Eastman's Express, that that was a registered trade name, that the plaintiff came by the business under that trade name, and that it was a name "from ancient history." This evidence as a whole was readily susceptible of the meaning that the business was long and well known in the community by its trade name.

The burden of establishing the defence that the motor vehicle of the plaintiff was being operated upon the highway in violation of the statute respecting registration rested upon the defendant. *Conroy* v. *Mather*, 217 Mass. 91. *Dean* v. *Boston Elevated Railway*, 217 Mass. 495, 497. *Potter* v. *Gilmore*, 282 Mass. 49, 56. The evidence warranted a finding that the motor vehicle was registered under the trade name of the plaintiff as owner. *Crompton* v. *Williams*, 216 Mass. 184. The plaintiff's own name as owner of the business conducted under the trade name was plainly shown upon the application for registration and therefore was a matter of public record accomplishing thereby the purposes of registration. *Koley* v. *Williams*, 265 Mass. 601, 603. *Nash* v. *Lang*, 268 Mass. 407, 409. The finding in favor of the plaintiff was justified by the

evidence.   The motion for a directed verdict on the ground of illegal registration was denied rightly.   *Janusis* v. *Long,* 284 Mass. 403, 407–408.   The case is distinguishable from *Fine* v. *Kahn,* 270 Mass. 557.

*Exceptions overruled.*