Carr, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries and for damages to her automobile as the result of a collision with the defendant’s car. The trial judge found the plaintiff in the exercise of due care and the defendant negligent. The sole ground for the decision in favor of the defendant was that the plaintiff’s car was not legally registered. A perusal of the judge’s findings of fact might lead us to believe that he found illegal registration as a fact which would leave us nothing to review. It is clear, however, from the judge’s disposition of the plaintiff’s 11th, 12th, 13th and 14th requests and the defendant’s 3rd request that we are dealing with a ruling of law that on the facts the plaintiff’s car was not legally registered. The facts on this subject are that in September 1934 the plaintiff was secretly married; that only her brother and sister-in-law knew of the marriage; that she continued to be known by her maiden name; that she continued to conduct a store under her maiden name; that she *115 was commonly known by this name and that at the time of the accident the defendant would not have been misled if she had attempted to identify the owner of the motor vehicle driven by the plaintiff by the statement of the plaintiff’s name contained in the registration. There was evidence that on January 1, 1935 the plaintiff registered her car in her maiden name, to wit, Anna M. Sien of 207 South Street, Waltham, Massachusetts; that she was married in New Hampshire in 1934 to James J. Gould; that the store she conducted was in Boston, Massachusetts and that the accident happened in May 1935 in Boston, Massachusetts.
It is stated in Bacon v. Boston Elevated Ry. Co., 256 Mass. 30, 32 that after the marriage of Alice W. Willard to Walter O. Bacon “as matter of law.....her legal name was Alice W. Bacon” and in Koley v. Williams, 265 Mass. 601, 602 that “as matter of law the legal name of the defendant upon her marriage was Ethel M. Williams. The wife takes the husband’s surname.”
Apparently, the trial judge felt bound because of these statements to rule that the plaintiff’s car was not legally registered. We do not think that this result is required by those decisions.
In the Bacon case, if the name which the court called legal was the only one the plaintiff could use in registering her car in any situation of facts, the evidence that she was not engaged in business of any kind, was known to her friends generally as Alice W. Bacon, held a license to operate the automobile in that name, and did business and paid an income tax in that name and the like, was immaterial and its consideration by the court futile. Moreover, if it is to be assumed that the sole reason she could not register her car in another name was that the customary marriage name was her legal name, it would seem to follow that a man does *116 not have a legal name as it is well established that on a sufficient showing of facts, his car may be legally registered in an adopted name. Crompton v. Williams, 216 Mass. 184. Fine v. Kahn, 270 Mass. 557. Furtado v. Humphrey, 284 Mass. 570, 573. Brewer v. Hayes, 285 Mass. 144, 145.
It is to be noted that in the Bacon and Koley cases the court pressed the stamp, of legality on the wife’s first, middle and last names. Thus in the Koley case, it declared that as matter of law, the legal name of the defendant was Ethel M. Williams. Without quarreling with this at the moment, although if true many a married woman, having carried over the wrong middle name, is living in illegality, it is certain that her name was not John. Yet the court held registration by her in the name of Mrs. John P. Williams legal because as it said, “She registered her vehicle in the name adopted by her. . . . She could easily be identified, and the purpose of the statute was complied with.”
The subject of names has been discussed by G. S. Arnold, 15 Yale L. J. 227 (March 1906). Other discussions may be found in Petition of Snook, 2 Hilton (N. Y.) 566. Smith v. United States Casualty Co., 197 N. Y. 420: Laflin & Rand Co. v. Steytler, 146 Pa. 434. Speaking generally, names are governed principally by the Common Law. There has been very little important legislation on the subject.. In early times surnames were unknown, and given names alone were used to distinguish persons. When this became insufficient, surnames, often based on personal characteristics, occupation or residence, were added. The surname was not hereditary. The Statute of Additions passed in the reign of Henry V requiring that in writs not only the name but, in addition, calling’,- estate or town be inserted and the regulation in the reign of Henry VIII, requiring a record in every parish of births, marriages and deaths, tended to perpetuate *117 family names. “Gradually the son came to take the surname of his father, and the wife, (when she took one) that of the husband” 15 Yale L. J. p. 227. “But ... a man may change his name or names, first or last, and when his neighbors and the community have acquiesced and recognized him by his new designation that becomes his name.” Laflin & Rand Co. v. Steytler, 146 Pa. 434 supra, p. 442.
Referring particularly to women, it is said in Lush on Husband and Wife 4th Ed. 1933 p. 63, “Again, marriage confers a name upon a woman which becomes her actual name until she acquires another by reputation.” The text refers to Fendall v. Goldsmid, 2 P. D. 263, an English case, holding that in publishing the banns for the marriage of a divorced woman her married name should be used unless another name has been so far acquired by repute as to obliterate the name acquired by marriage. In Spencer Domestic Relations 1911 §116 after stating that the husband has the right by law and custom to confer the family name on wife and children, it is said, “ Still there is nothing in the common law that prevents spouses from assuming the wife’s family name by agreement and bearing it by reputation.”
It has been held in other jurisdictions (and practice shows the same to be true here) that legislation providing a mode of changing names by decree in judicial proceedings is only in affirmation and in aid of the common láw and does not repeal it.. It gives an additional method which has the advantage of being speedy, definite and a matter of record. Laflin & Rand Co. v. Steytler, 146 Pa. 434 supra p. 442. Smith v. United States Casualty Co., 197 N. Y. 420 supra, p. 429.
It seems to be the general opinion that there is nothing static about names.
*118 In general, in Massachusetts, we think there is nothing which prevents the dropping of a name whether acquired by baptism, record in the registry, marriage or otherwise. We think that the correct rule is stated in Loser v. Savings Bank, 149 Iowa 672 if the ac( ent is placed at the point we have underlined. The court said, p. 677, “But contrary to the apparent thought suggested in argument in this case, there is no such thing as a ‘legal name’ of an idividual in the sense that he may not lawfully adopt or acquire another, and lawfully do business under the substituted appelation. In the absence of any restrictive statute, it is the common law right of a person to change his name, or he may, by general usage or habit, acquire a name notwithstanding it differs from the one given him in infancy. . . . A man’s naipe for all practical and legal purposes is the name by which he is known and called in the community where he lives and is best known.” Thus, where in an indictment the defendant insisted that he must be complained against under the name he received by baptism and asked a ruling that “a person can change no part of his true name only by due process of law,” instructions were upheld that “the name which was given to him at the time he was baptized is to be taken as originally, and presumed to continue, his name; but if after his baptism he adopts and uses another name by which he is subsequently well known in the community where he resides . . . it is sufficient if he is described by that name in the complaint.” Commonwealth v. Trainor, 123 Mass. 414. Surely, no name can be more legal than that granted to a corporation. Yet there is no question that a corporation may by usage acquire another under which it may legally do business. Phipps v. Little, 213 Mass. 414, 416. Gifford v. Rockett, 121 Mass. 431. Crompton v. Williams, 216 Mass. 184, 186, 187. Medway *119 Cotton Manufactory v. Adams, 10 Mass. 360. A man may do business and register bis car under a trade name, Brewer v. Hayes, 285 Mass. 144, 145. Liddell v. Middlesex Motor Co., 275 Mass. 346, 352. Crompton v. Williams, 216 Mass. 184, 186, 187 (supra), and, in tbe absence of statutory prohibitions, he may do business even in the name of a corporation. Bryant v. Eastman, 7 Cushing 111, 114.
Even the so-called “True Name” law (Gr. L. ter. ed. ch. 140 §27) recognizes that a name may be gained by usage for it provides for innholders and others to keep ‘ ‘ a register in which shall be recorded the true name or name in ordinary use” of the person engaging a private room.
There are not so many cases specifically dealing with women. As we have seen, however, the court held that Ethel M. Williams, wife of John P. Williams, could lawfully register her car in the name of Mrs. John P. Williams; “in the name adopted by her. Koley v. Williams, supra, 265 Mass. 601, 602. In subsequent cases, where the right of an individual to register his car in a trade name has been upheld, Koley v. Williams has been cited as authority. Brewer v. Hayes, 285 Mass. 144, 145. cf. Furtado v. Humphrey, 284 Mass. 570, 573.
It has been held that where a woman being unmarried on the first of January registered her car in her maiden name and subsequently during the year married but made no change in the registration, the car was legally registered when thereafter in the year it was involved in an accident. Mussman v. Broderick, 271 Mass. 404.
Assuming as we do that a woman’s name is no more legal than a man’s name, we are unwilling to conclude in this day and year when a woman may own property and contract independently of her husband, that she is in a different class from her husband and for that reason cannot adopt a trade name.
*120 There are noted instances of women in public life, on the stage, or engaged in literary work who are so well known to the public by their maiden names that it has forgotten that a husband exists. We cannot believe that if public duties caused United States Secretary of Labor, Frances Perkins, to take up her residence in Massachusetts, her resignation must remind the public of the existence of Mr. Wilson. Nor would we suppose that if Shirley Temple, maintaining her hold on public favor, at some time married an unknown John Smith, who kept the home fire burning in some inconspicuous country town, the fulfilment of the law would require that she register her Massachusetts car in the name of Shirley Smith.
' As Lord Ellenborough in Rex v. Billing shwrst, 3 M. & S. 250, 257 said in referring to a statute regulating the publishing of banns of marriage.
“The object of the statute in the publication of banns was to secure notoriety, to apprize all persons of the intention of the parties to contract marriage; and how can the object be better attained than by a publication in the name by which the party is known? .... the publication in the real name, instead of being notice to all persons, would have operated as a deception; and it is strictly correct to say that the original name in this case would not have been the true name within the meaning of the statute. On these grounds I think that the Act only meant to require that the parties should be published by their known and acknowledged names
If as said in Koley v. Williams, supra, at page 603, “the purpose of the statute requiring registration of a motor vehicle in the name of the owner was for identification in order that an injured person might foe able to ascertain the name and address of the owner”, we do not see how this would have been furthered in the pending case if the plain *121 tiff had used the name of an unacknowledged husband acquired in New Hampshire or what better name, under the facts found, she could have used than the one by which she was commonly known.
We fear that in deciding this case, too much weight has been given to the descriptive phrase “legal name” and not enough to the attributes of a name.
We think the finding should be reversed, and judgment entered for the plaintiff in the sum found by the trial judge.
Judgment for plaintiff.