BERTHA BRIDGES *vs.* JOSEPH HART
(and seven companion cases *).

Middlesex.    December 10, 1937. — February 1, 1939.

Present: FIELD, C.J., LUMMUS, QUA, & COX, JJ.

*Motor Vehicle*, Registration. *Name. Evidence*, Presumptions and bur-
den of proof. *Practice, Civil*, Requests, rulings and instructions.

In an action for injuries sustained in a collision with the plaintiff's auto-
mobile, the burden of establishing the defence that that automobile
was not legally registered was on the defendant.

Registration of a motor vehicle was legal although it was not in the
owner's legal name but was in a name by which he was commonly
and generally known, where there was no evidence that the adoption
by him of such name was not in good faith.

Reversible error was not shown in a report by a judge of a district court
of an action for personal injuries sustained in a collision with the
plaintiff's automobile, where the judge ruled that where "a person
registers his automobile under a name other than his legal name, it
must be shown that he was well known under both names," but
found that the plaintiff's automobile was registered under a name
by which he was commonly and generally known, that he never
entirely had abandoned his legal name but used it on rare occasions,
and found for the plaintiff.

EIGHT ACTIONS OF TORT for personal injuries and prop-
erty damage sustained in a collision of an automobile of
the plaintiff Thomas Douey with a motor vehicle owned
by the defendant Hart and operated by the defendant
Zilch.  Writs in the First District Court of Eastern Middle-
sex dated June 11, 1935.

The actions were heard by *Flynn*, J., who found for the
plaintiff Bertha Bridges in each action brought by her in
the sum of $1,000; for the plaintiff Angie Doucette in each
action brought by her in the sum of $600; for the plaintiff
Francis Douey in each action brought by him in the sum
of $900; and for the plaintiff Thomas Douey in each action

* The companion cases are: Angie Doucette *vs.* Joseph Hart; Francis
Douey *vs.* Same; Thomas Douey *vs.* Same; Bertha Bridges *vs.* Bernard Zilch;
Angie Doucette *vs.* Same; Francis Douey *vs.* Same; Thomas Douey *vs.* Same.

brought by him in the sum of $3,600. A report to the Appellate Division for the Northern District was ordered dismissed. The defendants appealed.

*M. Z. Kolodny*, for the defendants.

*A. J. Voke*, for the plaintiffs.

Cox, J. The defendant appealed from an order in each case dismissing the report of the trial judge, who found for the plaintiff. All the cases are consolidated in a single report, which states that the only questions arising are those of the alleged illegal registration of the motor vehicle of which the plaintiffs were occupants, the knowledge of the plaintiffs as to the alleged illegal registration, and "the question of the plaintiffs' contributory negligence." By this reference to the plaintiffs' "contributory negligence" it is assumed that it relates solely to the matter of the alleged illegal registration and the knowledge of some of the plaintiffs as to it, inasmuch as the defendants admit that there was sufficient evidence to warrant the judge in finding as a fact that "all the plaintiffs were in the exercise of due care."

The automobile of which the plaintiffs were occupants was owned, controlled, and operated at the time of the injuries by the plaintiff Thomas Douey, hereinafter referred to as Douey. Douey testified that he came to this country in 1919 under the name of Theophilus Doucette; that he was married in 1921 under that name; that his parents' name was Doucette; that his wife died in 1933 and, at that time, her name was Doucette; that he lived in Medford under the name of Doucette in 1933; that in 1926 he adopted one of the plaintiffs, Francis Douey; and that he "signed all papers and appeared in court" under the name of Theophilus Doucette. Without attempting to recite all of his testimony as to his true name, it is sufficient to say that he related many other instances where he had used the name of Doucette, and that the report states that "On every occasion presented to the plaintiff Thomas Douey, where formal signatures were necessary or where the matter at hand was of an official or legal nature, the plaintiff Thomas Douey used his true and legal name Theophilus

Doucette or Theoph. Doucette, Theoph. being an abbreviation for Theophilus. The sole exception to this being the occasion on June 7, 1934, when he registered his car involved in this accident in the name of Thomas Douey." The accident happened on July 23, 1934. On the other hand, Douey testified that he used the name Thomas Douey for business purposes, and had been using it continuously since 1931, and there was testimony from at least sixteen witnesses who lived in Medford, where Douey lived prior to 1934, and in Malden, where he lived thereafter, to the effect that they had always known him as Tom or Thomas Douey, and had never known him under any other name. Some of these witnesses had known him for periods varying from four to twelve years, and were his neighbors, neighboring storekeepers, wholesale supply dealers, customers for whom he had done work, and others in the communities. Two of these witnesses also testified that they knew Douey's son as Francis Douey. The report states that there was no evidence from the witnesses (whose testimony has just been summarized) or from any other witnesses who appeared in the case, as to what name Douey was commonly known by in the communities in which he lived or in which he carried on his business "except as the same might be inferred from the testimony of the said witnesses. They, excepting Thomas Douey, were asked in cross-examination if they knew that Thomas Douey and Theophilus Doucette were one and the same person, and they all replied in the negative." This statement in the report, however, does not seem to be consistent with the reported testimony of another witness who testified that she knew Douey in Canada under the name of Theophilus Doucette, but had been calling him Thomas Douey for several years. And in this connection it is to be borne in mind that Douey testified fully as to his use of his real name in certain transactions as late as 1933. In fact, the assessors' records in 1931 and 1933 for the city of Medford, where Douey was then living, showed that he had been living there under the name of Theophilus Doucette, and that his name as such appeared in the records.

The judge found that Douey was christened Theophilus Doucette, and that he lived in Canada under that name until about twenty years ago when he came to this country. After reciting the instances and occasions when Douey had used his true legal name, he further found that prior to 1931 or 1932, many people with whom the plaintiff did business were in the habit of calling him Tom or Thomas Douey; that in 1932 he went in business for himself as a carpenter; that "At least since this time he has been widely known to neighbors, neighboring storekeepers, wholesale supply dealers, customers for whom he has done work, and others in the community, as Thomas Douey"; that he never entirely abandoned his true name, Theophilus Doucette, but for the "last five or six years he has used it only on rare occasions, and said occasions have been of a legal, formal or official nature." He also found that in 1934 Douey could have been readily located at 6a Knollin Street, Malden (the address given by Douey in his application for registration of the automobile), under the name of Thomas Douey "if any one seeking him had made inquiry at said address in the community where he resided, from his neighbors or people with whom he carried on business transactions." Upon all the evidence he found that throughout the year 1934, and "more particularly on the above dates," Douey was commonly and generally known as Thomas Douey. He ruled that Douey's automobile was legally registered.

The appeals in the two cases in which Angie Doucette is the plaintiff have not been argued.

The findings of the trial judge will not be set aside if they can be supported on any reasonable view of the evidence with all rational inferences of which it is susceptible. *Weiner* v. *Egleston Amusement Co.* 293 Mass. 83, 86. The general finding is conclusive if there is any evidence to support it. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. *State Street Trust Co.* v. *Lawrence Manuf. Co.* 284 Mass. 355, 359–360. The burden of proving that the registration in question was illegal rested upon the defendants. *Conroy* v. *Mather*, 217 Mass. 91, 94–96. If the Douey automobile

was illegally registered, Douey cannot recover. He is barred from recovery unless the defendants are guilty of wanton or reckless conduct, of which there is no evidence or suggestion. *Dean* v. *Boston Elevated Railway*, 217 Mass. 495, 498. And the other plaintiffs cannot recover if they knew or had reasonable cause to know that the automobile was not legally registered. G. L. (Ter. Ed.) c. 90, § 9. *Brennan* v. *Schuster*, 288 Mass. 311.

G. L. (Ter. Ed.) c. 90, provides, in § 2, that the application for the registration of a motor vehicle may be made by the owner thereof, and shall contain, among other things, a statement of the name of the applicant. See *Harlow* v. *Sinman*, 241 Mass. 462. It has repeatedly been held that the main purpose of registration is to afford identification of the owner and of the motor vehicle. *Fairbanks* v. *Kemp*, 226 Mass. 75, 78. *Koley* v. *Williams*, 265 Mass. 601, 603, and cases cited. *Nash* v. *Lang*, 268 Mass. 407, 409. *Topf* v. *Holland*, 288 Mass. 552. But that this is not the sole purpose of the statute. See *Harlow* v. *Sinman*, 241 Mass. 462, 464–465. In construing the provision of § 2, that the application shall contain a statement of the name of the applicant, who, in the case at bar, was the owner, the court said in *Crompton* v. *Williams*, 216 Mass. 184, at pages 186–187, " . . . an individual may adopt a trade name under which business can be transacted, actions instituted, or defended, and the title to property acquired and transmitted. . . . The plaintiff's application and the registration followed the name in which he did business. But if registration under a fictitious name adopted for the purpose of concealing identity would not be a compliance with the statute, because the record would not show, nor the certificate contain, a descriptive statement by which the true owner could be ascertained, the jury properly could find that the plaintiff was well known in the community by his trade name. If this appeared, the requirements of the statute were satisfied." In *Koley* v. *Williams*, 265 Mass. 601, the defendant's name was Ethel M. Williams. She was the wife of John P. Williams, and the automobile was registered in the name of Mrs. John P. Williams. It was held, however, that she

registered her vehicle "in the name adopted by her. When signing, she gave her correct address. She could easily be identified, and the purpose of the statute was complied with." Compare *Brockton* v. *Conway*, 278 Mass. 219, 222, 223; *Farnum* v. *Bankers & Shippers Ins. Co.* 281 Mass. 364; *Furtado* v. *Humphrey*, 284 Mass. 570; *Brewer* v. *Hayes*, 285 Mass. 144. On the other hand, in the case of *Bacon* v. *Boston Elevated Railway*, 256 Mass. 30, where the automobile of the plaintiff, who was married in 1921, was registered in 1923 in her maiden name of Willard, and where it did not appear that she had made use of this name in any other connection or instance and was not engaged in business of any kind, it was held that the automobile was not legally registered. And in *Fine* v. *Kahn*, 270 Mass. 557, where the plaintiff, whose real name was Morris R. Fine, "at times . . . used and was known by the name of Murray R. Fine" and had registered his automobile in the latter name, it was held that the registration was illegal. The court said, at page 558, that the finding of the trial judge that at times Fine used and was known by the name of Murray R. Fine was not equivalent to a finding that he was commonly known by this latter name, and that it fell far short of indicating that the name in which the automobile was registered revealed the plaintiff's identity, and gave a descriptive statement by which he could readily be found in the community. Compare *Hanley* v. *American Railway Express Co.* 244 Mass. 248, 250. See *Crean* v. *Boston Elevated Railway*, 292 Mass. 226. It is to be assumed, in the absence of evidence to the contrary, that Douey acted in good faith in the use of the name Douey. *Doyle* v. *Goldberg*, 294 Mass. 105, 109, and cases cited. The judge could have found that the registration was legal.

In the cases in which Thomas Douey was the plaintiff, the judge declined to rule as requested by the defendants that "If the plaintiff registered his automobile in the name of Thomas Douey when in fact his legal name was Theophilus Doucette, then the plaintiff's automobile was illegally registered unless there is evidence that the plaintiff

was well known under the names of Theophilus Doucette
and Thomas Douey." The judge gave as his reason that
this request was "disallowed . . . on facts found." From
what has been said we think there was no error in refusing
this request. The judge, however, gave the defendants'
ninth request that "Where a person registers his automobile
under a name other than his legal name, it must be shown
that he was well known under both names," and the de-
fendants contend that this required a finding that the Douey
automobile was illegally registered. We do not think this
follows. The judge found that Douey was commonly and
generally known as Thomas Douey and that he could have
been readily located at the address that he gave in his
application for registration of his automobile, and, as has
been said, we think the result is that the purpose of the
statute as to registration was complied with. In *Koley* v.
*Williams*, 265 Mass. 601, at page 603, the court said: "The
defendant usually signed her name 'Mrs. John P. Williams'
[her legal name was Ethel M. Williams]. She probably was
better known under this name and could easily be identified
by such a designation. . . . She registered her vehicle in
the name adopted by her. When signing, she gave her
correct address. She could easily be identified, and the
purpose of the statute was complied with." We think that
the facts which could have been found in the cases at bar
distinguish them from the cases of *Gifford* v. *Rockett*, 121
Mass. 431, *Gillespie* v. *Rogers*, 146 Mass. 610, *Lancy* v.
*Snow*, 180 Mass. 411, 415, and *Young* v. *Jewell*, 201 Mass.
385, 386. In the *Gillespie* case, where it was held that the
omission of the initial letter of the grantor's middle name
did not vitiate the grant, it was pointed out that it is
not absolutely necessary that either grantor or grantee be
named at all if so described that "he can be clearly ascer-
tained" (page 611); and in the *Young* case, where the
question was whether a notice given by the defendant was
good under the poor debtor law, the court said at page
386: "Where a person is in fact known by two names, either
one can be used. This principle has been applied in about
every connection . . . [see cases cited]. It is said in many

of the earlier cases that the person in question must be known by one name as well as by the other. That means that he must be known by both names, not that he must be equally well known by both names."

We think the defendants' contention as to this ninth ruling comes within the principle stated in *Freeman* v. *Robinson*, 238 Mass. 449, where it was said at page 452: "A mistake in failing to follow a ruling of law, erroneously adopted, to a decision contrary to the rights of the parties on the facts found to be true, does not require a new trial when it is manifest that a just decision, in the light of the governing correct principle of law, has been made. It would be pushing a bald technical error to an absurd conclusion to direct a new trial because of such an error of law. Clearly the substantial rights of the defendants have not been injuriously affected. They have suffered no real harm." See cases cited. *Rathgeber* v. *Kelley*, 299 Mass. 444, 446, and cases cited.

What has been said also disposes of the defendants' contentions in the cases other than those in which Douey is the plaintiff.

We think that the judge could find for the plaintiffs, as he did, and that there was no error.

*Orders dismissing reports affirmed.*