DAVID PURO *vs.* JOHN HEIKKINEN
(and two companion cases[1]).

Worcester.   May 7, 1942. — June 1, 1944.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Negligence,* Invited person, Guest, Motor vehicle. *Practice, Civil,* Exceptions: whether error harmful; Requests, rulings and instructions; Ordering verdict. *Motor Vehicle,* Registration. *Name. Error,* Whether error harmful.

Evidence did not warrant a finding that the plaintiff, a neighbor and friend of the defendant, was more than a gratuitous guest while riding in an automobile owned and operated by the defendant on a social trip to a summer camp under an arrangement that the plaintiff and the defendant would divide the rent of the camp and the cost of food between them.

No reversible error was shown upon an exception to an exclusion of a question to a witness where there was no offer of proof and the witness was subsequently allowed to testify as to the subject matter to which the excluded question related.

The registration of an automobile in good faith in the middle name and surname of the registrant would not be invalid if for many years he had used and had commonly been known by those names without his first name, although in his citizenship papers, a deed, a directory and the voting list all three names were used.

There was no error in confining instructions to the jury to the ground

---

[1] The companion cases are by Irene Puro and Wilhelmina Puro against the same defendant.

relied on in the declaration and, after a verdict for the plaintiff not warranted by the evidence pertaining to that ground, in ordering entered a verdict for the defendant under leave reserved, although the evidence might have justified a verdict for the plaintiff on another ground and no question of pleading was raised at the trial.

THREE ACTIONS OF TORT. Writs in the District Court of Fitchburg dated February 5, 1940.

Upon removal to the Superior Court, the actions were tried before *Brogna*, J.

*C. W. Proctor*, for the plaintiffs.

*G. R. Stobbs & L. E. Stockwell*, for the defendant, submitted a brief.

RONAN, J. The plaintiff David Puro, his wife, the plaintiff Wilhelmina Puro, and his daughter, the plaintiff Irene Puro, were riding in an automobile operated by the defendant, who was accompanied by his wife and daughter, on the morning of August 20, 1939, on their way from Fitchburg to Cape Cod for the purpose of spending four days in a camp, when the automobile overturned. The plaintiffs had verdicts on the counts of their declarations alleging that their injuries were due to the negligence of the defendant. They excepted to the action of the judge who on leave reserved ordered the entry of verdicts for the defendant on those counts. The jury returned verdicts for the defendant on the counts based on gross negligence.

It is admitted that the plaintiffs were in the exercise of due care and that their injuries were caused by ordinary negligence of the defendant. It is the contention of the plaintiffs that the defendant had undertaken to transport them in pursuance of a contract made for his benefit and that he was, therefore, under an obligation to them to use due care in the operation of the automobile.

There was evidence that the plaintiffs and the defendant and his family had been neighbors and friends for many years and that the plaintiffs had frequently before and since the accident ridden with the defendant in his automobile. The defendant's wife had suffered a broken leg in February, 1939, and had received four massage treatments from the plaintiff Wilhelmina Puro, but she never intended to charge

for these treatments and neither the defendant nor his wife understood that they were to pay her anything. The plaintiff Wilhelmina testified that "Everything that the Heikkinens did for her and everything that she did for them she considered the acts of friends between themselves and had always made it a point to buy something that would compensate them in some way. . . . Sometimes they would do favors for her and sometimes she in return would do favors for them. She had no business dealings with them at any time." Puro testified that this was not a business but a friendly and social trip. The only arrangement that the parties had with reference to the trip was that each would pay one half of the rent of the camp which was $5 and one half of the cost of food. There is nothing in the evidence indicating that the plaintiffs agreed to pay or had paid anything to the defendant for transportation. The transportation was merely incidental to a vacation trip. The fact that the plaintiff David Puro was to pay one half of the rent was not, as the plaintiffs argue, the conferring of any benefit upon the defendant because there is nothing to show that the defendant was ever under any obligation to pay the entire rent, or that he would have made the trip under any other arrangement, or that in sharing the camp with the plaintiffs he secured more than one half of the benefit which he would have enjoyed if he paid the full rental of $5 and occupied the camp alone with his family. The parties had joined in a trip for their mutual enjoyment and pleasure as neighbors and friends. It was not a business undertaking. No legal benefit was conferred upon the defendant on account of the transportation of the plaintiffs. They were not passengers for hire. Their status rose no higher than gratuitous guests. There was no error in ordering verdicts entered for the defendant. *Flynn* v. *Lewis*, 231 Mass. 550. *Askowith* v. *Massell*, 260 Mass. 202. *Gaboury* v. *Tisdell*, 261 Mass. 147. *Baker* v. *Hurwitch*, 265 Mass. 360. *Jacobson* v. *Stone*, 277 Mass. 323. *Perkins* v. *Gardner*, 287 Mass. 114. The case is distinguishable from *Chooljian* v. *Nahigian*, 273 Mass. 396, and *Marshall* v. *Carter*, 301 Mass. 372.

There was no reversible error in excluding the question by

her counsel to Mrs. Puro as to what talk she heard between her husband and the defendant in reference to paying her for the massage treatment given to the defendant's wife. In the first place the plaintiff made no offer of proof, *Gray* v. *Tobin*, 259 Mass. 113; *Guy* v. *Union Street Railway*, 289 Mass. 225; *Richmond* v. *Warren Institution for Savings*, 307 Mass. 483, and in the next place the witness was later permitted to testify that the defendant offered to take them on the trip as he wanted to compensate them for the services she performed for the defendant's wife. *Rockport Granite Co.* v. *Plum Island Beach Co.* 248 Mass. 290. *Paull* v. *Radlo*, 293 Mass. 521. *Urban* v. *Central Massachusetts Electric Co.* 301 Mass. 519. There is nothing in the other rulings on evidence calling for further discussion.

The defendant's automobile was registered in the name of John Heikkinen. He testified that in his citizenship papers, a deed, the directory and the voting list he was named Lassi John Heikkinen but that since he came to Fitchburg thirty-two years before he had been known around Fitchburg as John Heikkinen. His friends called him John. He generally used that name. The plaintiffs requested an instruction that if the defendant's name was Lassi John Heikkinen and the automobile was registered in the name of John Heikkinen, then the plaintiffs were entitled to recover whether the defendant was negligent or not. The plaintiffs excepted to the refusal to grant this request and to the instructions given so far as they were inconsistent with the request. The request was not a correct statement of the law. The jury were properly instructed that, if the defendant was commonly and usually known as John, the automobile was legally registered in that name, otherwise the registration in the name of John was not legal. There was no evidence that the defendant was not acting in good faith in having the automobile registered in the name of John Heikkinen or that he did so to conceal his identity. *Crompton* v. *Williams*, 216 Mass. 184. *Koley* v. *Williams*, 265 Mass. 601. *Brockton* v. *Conway*, 278 Mass. 219. *Farnum* v. *Bankers & Shippers Ins. Co.* 281 Mass. 364. *Brewer* v. *Hayes*, 285 Mass. 144. *Bridges* v. *Hart*, 302 Mass. 239.

The jury were further instructed that, if the automobile was illegally registered, that was a violation of law which was evidence of negligence. These instructions were correct when recovery was, as here, sought on the ground of negligence. *Duggan* v. *Woodis*, 246 Mass. 431. *Ducharme* v. *Coe Motors Inc.* 275 Mass. 69. *Capano* v. *Melchionno*, 297 Mass. 1, 10. *Santa Maria* v. *Trotto*, 297 Mass. 442. The plaintiffs did not allege any cause of action for a nuisance arising out of the operation of an unregistered automobile, and they were not entitled on the state of their pleadings to an instruction that they could recover independently of negligence. See *Balian* v. *Ogassin*, 277 Mass. 525; *LaFucci* v. *Palladino*, 285 Mass. 240.

The final contention of the plaintiffs is that, no question of pleading having been raised at the trial, the judge ought not to have limited the issue of illegal registration to the matter of negligence alone. They cite *Di Franco* v. *West Boston Gas Co.* 262 Mass. 387. That was an action of tort for the death of a pedestrian caused by the illegally registered automobile of the defendant. It was pointed out that there was error in directing a verdict for the defendant, as the fact that its automobile was not properly registered was itself evidence of negligence. There is nothing in that case that would support a contention that the plaintiffs, not being entitled to recover for ordinary negligence which was the only ground upon which the jury found in their favor, ought now to be permitted to have the verdicts stand upon another and entirely different ground which they did not allege. In these circumstances, the pertinent principle is that a plaintiff cannot secure a reversal of a ruling directing or ordering the entry of a verdict for a defendant if the ruling was right on the evidence or the pleadings. *Brasslavsky* v. *Boston Elevated Railway*, 250 Mass. 403, 404. *Ferris* v. *Boston & Maine Railroad*, 291 Mass. 529, 533. *Simpson* v. *Eastern Massachusetts Street Railway*, 292 Mass. 562, 565. *Glynn* v. *Blomerth*, 312 Mass. 299. *Payne* v. *R. H. White Co.* 314 Mass. 63.

*Exceptions overruled.*