*Northern District*

No. 5117

**MANUEL Z. SHERMAN**
v.
**CHESTER L. PERRY**
and
**MARGARET A. PERRY**

(July 8, 1957)

*Present:* GADSBY, P. J. AND BROOKS, J.

*Brooks, J.* Plaintiff has sued defendants for the fair value of services rendered in connection with placement and refinancing of mortgages. Count 1 is for $720 for placing mortgages on property at 97 and 99 Cass St., West Roxbury, and at 106 Galen St., Watertown. Count 2 is for $400 for placement of

mortgages on property at 61 White Pine Road, Newton, and for refinancing mortgage on property at 106 Galen St., Watertown. Count 3 is on an account annexed for $1120 including $720 for placement of mortgages referred to in Count 1 and $400 for mortgage referred to in Count 2. Defendants' answer is general denial and Statute of Frauds in that they never had any dealings with plaintiff in his individual capacity and that the services were performed for the debt, misdoing or default of another.

*The evidence disclosed that defendant,* Chester L. Perry, consulted an employee of plaintiff about placing a mortgage on certain properties in Watertown and West Roxbury, some of which were under construction by American Construction Co., Inc. Plaintiff testified that Chester L. Perry represented that he and his wife, defendant Margaret A. Perry, owned the properties in question. Subsequently, Plaintiff and Defendant, Chester L. Perry, hereinafter called defendant, inasmuch as the court found in favor of defendant Margaret A. Perry and Chester L. Perry is now the only appellant, discussed refinancing of the West Roxbury property as a result of which plaintiff telephoned Col. O'Keefe of the Meeting House Hill Coop. Bank and arranged an appointment for defendant. Plaintiff told defendant he would expect him to pay a commission of 2% to plaintiff's company on all the mortgages placed with Meeting House Hill Coop. Bank. There was testimony that the bank in question did grant the mortgages upon the properties involved in this action.

Defendant testified that the only one of the properties he owned was the property in Newton. He testified that no bills were sent to him personally until after the bankruptcy of American Construction Co., Inc. It also appeared that plaintiff sent a bill to the corporation for $240 only and filed a proof of claim for that amount in the bankruptcy pro-

ceedings. This was done, plaintiff testified, at the request of defendant. Plaintiff testified that the usual rate for placing mortgages was 1% but that because of difficulties he expected in placing these mortgages, he told defendant he would expect 2%.

Defendant filed the following Requests for Rulings:

1. Upon all the evidence the Court should find for the Defendant, Chester L. Perry on the Plaintiff's Declaration.

2. As a Matter of Law, the Court should find for the Defendant, Chester L. Perry on the Plaintiff's Declaration.

3. As a Matter of Law, the Defendant, Chester L. Perry, is not responsible for the debts of American Construction Company, Inc., unless he agreed to assume the same as evidenced by a memorandum that satisfies the requirement of the Statute of Frauds.

The Court denied requests numbered 1 and 2 and allowed request number 3. (See findings of fact.) *The court found as follows:*

The plaintiff did work for the defendant, Chester L. Perry, in connection with the negotiation of mortgages, and the defendant owes the plaintiff, for such services, the sum of $720.00 which amount is fair and reasonable. The plaintiff did additional work for the defendant, Chester L. Perry, in connection with the negotiating of a mortgage for the defendant, and the fair value of his services rendered to the defendant in connection with Count 3, is $80.00.

The court further found for the plaintiff as follows: Count 1 $720.00; Count 2 $80.00.

Defendant claims to be aggrieved by the findings of the court and denial of requests 1 and 2.

Subsequent to the argument before the Appellate Division, the following stipulation was filed in explanation of the amounts allowed by the court in its findings.

## STIPULATION

The parties in the above entitled action agree as follows:

I. The Court found, as to Count 1, that the Plaintiff was due a commission for placing or causing to be placed for the defendant, Chester L. Perry, three mortgages, as follows:

1. 97 Cass Street, West Roxbury,
   a mortgage in the sum of     $12,000.00
2. 99 Cass Street, West Roxbury,
   a mortgage in the sum of     12,000.00
3. 106 Galen Street, Watertown,
   a mortgage in the sum of     12,000.00

      TOTAL                        36,000.00
      Rate of Commission            2%

      Amount of Commission     $ 720.00

II. The Court found as to Count 3, as amended, that the plaintiff was due a commission for placing or causing to be placed for the defendant Chester L. Perry, a mortgage as follows:

106 Galen Street, Watertown, a refinancing of the above referred to mortgage in the sum of $12,000.00 to the additional sum of $16,000.00.

      Additional refinanced mortgage   $16,000.00
      Original Mortgage               12,000.00

      Increased amount             4,000.00
      Rate of Commission            2%

      Amount of Commission     $ 80.00

There are two issues: 1. For whom were plaintiff's services performed? How much was plaintiff entitled to receive for his services, bearing in mind that the declaration calls for the fair and reasonable value of such services?

The testimony is contradictory on the first point. The judge could certainly have found that plaintiff's dealings were with the corporation rather than with

defendant, however, if he believed plaintiff's testimony no question arises under the Statute of Frauds and he was justified in finding as he did. That finding must stand. *Bridges v. Hart,* 302 Mass. 239, 242; *Casey v. Gallagher,* 302 Mass. 746. There was no error in denial of requests 1 and 2.

On the second point at issue the court found as a fact that a 2% rate for placing mortgages was fair and reasonable. Assuming that this amount was excessive and not warranted by the evidence as claimed by defendant, he has not brought the matter properly before this court as he could have by a motion for a new trial accompanied by appropriate requests for rulings. We are therefore, not disposed to disturb the findings on damages.

Report to be dismissed.

James J. Mellen, for the plaintiff.

Melvin Newman, for the defendant.