## KAISER v. ZUNDEL.

No. 6086. Decided November 7, 1939. (95 P. 2d 499.)

**16**

*Walter G. Mann* and *B. C. Call,* both of Brigham City, and *Harry Goldberg,* of Salt Lake City, for appellant.

*William E. Davis,* of Brigham, and *Junius S. Romney* and *Marion G. Romney,* both of Salt Lake City, for respondent.

MOFFAT, Chief Justice.

An action in conversion to recover the value of a certain 1937 Chevrolet one-ton truck, claimed to belong to the plaintiff Georgia M. Kaiser, was brought against the defendant, Sheriff of Box Elder County. The truck was seized by the sheriff under an execution in which the plaintiff's husband was the judgment debtor.

The complaint alleges that on or about July 22, 1937, plaintiff purchased the truck in question from the Central Chevrolet Company, of Brigham City, Utah; that she was in possession of and used the same until January 25, 1938, when the sheriff unlawfully levied upon and forcibly took possession of the truck, that she demanded the return thereof, made affidavit of her ownership, and that the sheriff refused and still refuses to return possession of said truck to plaintiff.

In addition to certain admissions and denials not pertinent to the issues before this court, the sheriff by answer and further answer admitted his official capacity, alleged the issuance and service by levy of an execution issued out of the city court of Brigham City, against Rudolph Kaiser and R. M. Kaiser doing business as the Bargain Store. The defendant, sheriff, upon "his information and belief avers that the goods levied upon" to wit: The 1937 one-ton Chevrolet truck as described by plaintiff, "were at the time of said levy the property of Rudolph Kaiser and—R. M. Kaiser."

Plaintiff's reply admitted the levy and sale and claim of ownership and, separately replying alleged:

"1. That on the 31st day of January, 1933, in the City Court of Brigham City, Box Elder County, Utah, the Abernathy Furniture Company, a corporation, obtained a judgment against R. M. Kaiser, a sole trader doing business as the Bargain Store, in the sum of $58.65 together with interest and costs, and an execution was issued upon the same and placed in the hands of the Sheriff of Box Elder County for service, and the said Sheriff was directed to satisfy said judgment out of the personal property of said Bargain Store. That after due notice was given, the said Sheriff, on the 21st day of March, 1933, at 2 o'clock P. M. at the front door of the Court House of Brigham City, Utah, sold all the assets and personal property of said Bargain Store, and one N. R. Peterson became the purchaser of said personal property.

"2. That Strevell-Paterson Hardware Company are the plaintiffs in the suit against the said Rudolph Kaiser and R. M. Kaiser, co-partners doing business under the firm name and style of the Bargain Store, being the City Court file No. 2423, and is the cause of action in which the execution as hereinbefore described was issued upon, and that said cause of action was commenced on or about the 2nd day of February, 1933, and said plaintiffs were represented in said court by the same attorney as the Abernathy Furniture Company, a corporation, and did have due notice thereby of the said sale of all of the said personal property belonging to the Bargain Store.

"3. That by reason of said action, all of the goods and assets of the Bargain Store were thereby disposed of, and said Bargain Store was thereby closed out.

"4. That said N. R. Peterson, after purchasing the goods at the Sheriff's sale, commenced business in the name of N. R. Peterson Company and so continued in business and did, on the 1st day of July, 1937 sell and convey to the plaintiff herein his good will, stock of merchandise, truck, and other personal property, who since said date has conducted said business as a sole trader under the name and style of the Kaiser Company, she being the sole owner of the same, and said truck so taken and sold by the said sheriff was her sole and individual property."

Appellant states, and respondent agrees, that the trial court found as a fact that Georgia M. Kaiser, plaintiff and appellant, was not the owner of the 1937 Chevrolet truck levied upon by the sheriff John H. Zundel, defendant and

respondent, on or about January 25, 1938. It is also agreed that the only question before the court is: Does the evidence support the finding?

It is not necessary to make a detailed statement of the findings. The findings follow generally the allegations of the pleadings. There was much time spent in what may be termed a historical rendition of transactions extending back to 1933 as to business relations, and personal affairs back to an earlier date.

Much of the briefs of counsel on both sides is devoted to immaterial matters as we view the issue. We find no place where the Bulk Sales Act, Rev. St. 1933, 32-2-1 et seq., has anything to do with the issues or whether N. R. Peterson bought the goods of the Bargain Store, or whether affidavits relating to creditors were made or notices served. There are no allegations of fraud or deceit made.

Peterson, as owner, had operated the store for about four years, and the ½-ton truck since 1936, when he sold the goods and truck of the N. R. Peterson Company to Georgia M. Kaiser. Part of the purchase made by her was a one-half ton truck. As disclosed by an approved order constituting the record of the sale of a one-ton truck to "The Kaiser Co. Georgia M. Kaiser Prop." the one-half ton truck bought by Georgia M. Kaiser from N. R. Peterson Company was used as part payment of the one-ton Chevrolet truck here in question, and the balance was paid in cash. This record of sale from the Central Chevrolet Company discloses adequate consideration and title passed to Georgia M. Kaiser, as proprietor of the Kaiser Company.

This truck was registered by the State Tax Commission showing a "sale by licensed dealer," upon an affidavit in the following words and form:

"Affidavit of Owner, State of Utah, County of Box Elder. I the undersigned being first duly sworn depose and say that I am the owner of the vehicle described on the reverse side of this application and that my address given and all other information contained hereon

is accurate and true. Kaiser Co., R. M. Kaiser Mgr. Signature of Owner."

Corporations, partnerships and sole traders using business names register motor vehicles by the affidavit and applications of officers, representatives or agents. The affidavit made by R. M. Kaiser, signing as manager, creates only a question as to the capacity in which he was acting in signing the document. The signed printed form of affidavit referred to the undersigned as "owner." This did not make him such owner. Although the signing of the affidavit for application for registration of the truck is subject to some implications, these implications could not divest Georgia M. Kaiser of the title which, without question, she received from the Central Chevrolet Company.

There are no allegations of fraud, no allegations that R. M. Kaiser was using the names of N. R. Peterson Company, or Kaiser Company, as his own business name. There is no proof that he was the owner of the truck. It was error for the court to find and decide that Georgia M. Kaiser was not such owner.

Judgment is vacated and set aside. The cause is remanded for a new trial. Appellant to recover costs.

LARSON, McDONOUGH, and PRATT, JJ., concur.

WOLFE, Justice (concurring).

I concur, but I do not think the main opinion sufficiently sets out the reasons for not sustaining the findings made by the trial court.

The trial court found that only part of the business and assets of the Kaiser Company were sold at execution sale in 1933, and that as to the rest of the business the Bulk Sales Act was not complied with when R. M. Kaiser sold to N. R. Peterson. There is, however, no evidence to sustain the finding that all the assets of the Kaiser Company were not

sold at execution sale. The sheriff's return stated that all the assets of R. M. Kaiser, not exempt from execution, were levied upon and sold. Both R. M. Kaiser and Georgia M. Kaiser testified at the trial that all of the property belonging to the store was levied upon and sold by the sheriff. No evidence to the contrary appears in the record. Nor is there any evidence that N. R. Peterson purchased the good will or any assets of the Kaiser Company except what was purchased at execution sale. Since there is no evidence to sustain the finding that all the business and assets of the Kaiser Company were not levied upon and sold, that finding must fail.

The finding that the Bulk Sales Act was not complied with must also fail for the reason that the Bulk Sales Act has no application to goods sold at execution sale. And there being no evidence that N. R. Peterson purchased any assets of the Kaiser Company except at execution sale, the Bulk Sales Act has no application.

The court also made a finding that the Bulk Sales Act was not complied with at the time N. R. Peterson purportedly sold the business to Georgia M. Kaiser. But assuming that N. R. Peterson was the owner of the business sold to Georgia M. Kaiser, the fact that Georgia M. Kaiser did not comply with the Bulk Sales Act would not be material in so far as the creditors of R. M. Kaiser are concerned.

While the evidence in the record raises some question as to whether R. M. Kaiser was not in fact the owner of the business during the time he was supposedly managing it, first for N. R. Peterson and later for Georgia M. Kaiser, wife of R. M. Kaiser, nevertheless the evidence is such that it is also consistent with the fact that R. M. Kaiser was acting only as manager of the business for and on behalf of the owner. During the time N. R. Peterson was the owner of the business, it was carried on in the name of N. R. Peterson Company. Title to the ½ ton truck was taken in that name. As far as the record discloses, R. M. Kaiser acted only as "manager." At the time of the purchase of the business by

Georgia M. Kaiser, the bill of sale ran from N. R. Peterson to Georgia M. Kaiser. The evidence further discloses that after the purchase by Georgia M. Kaiser from Peterson, R. M. Kaiser continued to act as "manager" and wherever his name appeared it did so as manager of the business; whereas the evidence discloses that wherever Georgia M. Kaiser's name appeared it did so as "owner" or "prop." The findings of the court, therefore, to the effect that R. M. Kaiser was in fact the owner of the business during the time it was supposed to be owned by N. R. Peterson, and later by Georgia M. Kaiser, cannot be sustained.

The concluding problem involved in this case has to do with the finding of the trial court that the one-ton Chevrolet truck was the property of R. M. Kaiser. The affidavit of ownership to the truck was made out by R. M. Kaiser and signed "Kaiser Company, R. M. Kaiser, Mgr." The certificate of title was issued in the same manner, "Kaiser Company, R. M. Kaiser, Mgr." The question arises whether under our statute there can be a valid registration in the name of a company owned and operated by an individual under a trade name.

Our statute, Sec. 20, Chap. 46, Laws of Utah 1935, requires an owner of a vehicle subject to registration to make application to the Tax Commission to register such vehicle and "such application shall bear the signature of the owner written with pen and ink and said signature on application for title shall be acknowledged by the owner before a person authorized to administer oaths," etc. It further provides that the application shall contain the "name, bona fide residence and mail address of the owner or business address of the owner if a firm, association or corporation."

It has been held that where an individual, firm, or corporation operates a business under a trade name, even though such trade name is not recorded, registration of an automobile under the trade name is sufficient to comply with a statute which requires the application to be made by the owner and contain a statement of the "name, place

of residence, and address of the applicant." *Crompton* v. *Williams*, 216 Mass. 184, 103 N. E. 298, 299; *Skene* v. *Graham*, 116 Me. 202, 100 A. 938; *Brewer* v. *Hayes*, 285 Mass. 144, 188 N. E. 600.

However, other facts presented in this case further complicate the situation with respect to the registration of the truck. The statute requires the application for registration to bear the "signature of the owner" and "be acknowledged by the owner." In the present case R. M. Kaiser signed the application and acknowledged it as "manager" of Kaiser Company. At the time of the seizure of the truck by the sheriff no affidavit had been filed by Georgia M. Kaiser to the effect that she intended to transact business in Utah under an assumed name or trade name. What effect the above has on the registration of the truck, or what effect the failure to file an affidavit by Georgia M. Kaiser might have on her right to maintain an action for conversion against the sheriff or the creditors of R. M. Kaiser in view of the above, need not, at this time, be decided. That is an interesting but separate question. The findings of the trial court do not cover the above points. Suffice it to say, the finding of the court that the truck was the property of R. M. Kaiser cannot stand.

The judgment of the lower court should be set aside and a new trial granted in which evidence may be adduced which will clear up the questions raised as to the ownership of the business and registration of the truck.